## Kingsley International Pictures Corp. v. Blanc

*Dilworth, Paxson, Kalish, Kohn & Dilks*, for plaintiff.

*Thomas A. Masterson*, Deputy City Solicitor, and *David Berger*, City Solicitor, for defendant.

ALESSANDRONI, P. J., March 5, 1958.—Plaintiff's complaint in equity seeks a preliminary injunction to restrain the District Attorney of the City of Philadelphia from interfering with the exhibition of a motion picture film, "And God Created Woman". The complaint also prays for a decree that defendant's actions violate the first and fourteenth amendments to the Constitution of the United States. Hearing was had on the rule for a preliminary injunction; the rule was dismissed.

Plaintiff appealed from the refusal to grant a preliminary injunction. The Supreme Court on February 13, 1958, entered a temporary restraining order pending the appeal. This order directed defendant to return one copy of the film which he had seized and further ordered defendant "not to interfere in any way" with the exhibition of the film; the Supreme Court's order is to be effective pending entry of the final decree of this court.

Thereafter, defendant filed preliminary objections to the complaint. The objections include: (1) Failure to state a cause of action; (2) the existence of a complete and adequate remedy at law; (3) lack of jurisdiction over the subject matter, and (4) plaintiff is not a proper party.

In considering the preliminary objections, we accept as true all facts properly pleaded in the complaint. Plaintiff has averred that plaintiff is the sole owner of the right to exhibit or license to exhibit this motion picture; that it has been exhibited in many cities including Pittsburgh; that plaintiff licensed two theatres in Philadelphia to exhibit the picture; that defendant had requested a private exhibition of the film prior to its presentation to the public; that defendant, after the private exhibition, advised plaintiff that if

the film was exhibited in Philadelphia, the persons showing the film would be arrested and the film seized. Plaintiff also avers that defendant's actions have caused plaintiff's licensees to threaten to refuse to present the film in their theatres. The complaint alleges that plaintiff will suffer irreparable harm if defendant makes good his threat.

Count two of the complaint avers that defendant indicated he was proceeding under the provisions of section 528 of The Penal Code of 1939, P. L. 872, 18 PS §4528. This section is said to be unconstitutional on its face.

The complaint alleges many legal conclusions. These, of course, are not facts well pleaded and need not be accepted. Plaintiff has pleaded that the licensing of this film by censorship boards in New York, Virginia and Maryland is a determination that the film is not obscene. We cannot accept this conclusion as it begs the issue.

Plaintiff's averment that section 528 of The Penal Code, supra, is unconstitutional on its face is manifestly untenable. The most recent decision construing the section, that of the Superior Court in Commonwealth v. Blumenstein, 184 Pa. Superior Ct. 83, specifically held the statute to be constitutional, but plaintiff suggests that this is of no moment because the Supreme Court of Pennsylvania has allowed an appeal. However, the decision is no less binding on this court because the Supreme Court has granted an allocatur. We are bound by a decision of the Superior Court unless and until it is reversed by the Supreme Court.

The argument urged is twofold: (a) The motion picture is not obscene and, therefore, there is no violation, and (2) fundamentally, the statute is unconstitutional as a violation of the Constitution of the United States.

The first point of the argument cannot be determined in a court of equity. An arrest and indictment which charges a violation of a criminal statute may not be followed by successful prosecution if the proofs thereof fail to meet the required quantum of evidence. Therefore, in the event that the individuals charged with a violation of section 528 are acquitted, the acquittal will not be a finding of unconstitutionality, but merely a finding that the Commonwealth failed to prove its case.

The second point of the argument has already been disposed of and merits no further comment.

The gravamen of plaintiff's complaint is that the actions of the district attorney actually constitute precensorship, even though the action was admittedly informal. This contention merits analysis. Precensorship we take to mean action to approve a motion picture before it is available for exhibition to the public, or, upon disapproval, the film cannot be exhibited. Action by a board to license or refuse to license motion pictures has been declared unconstitutional in Pennsylvania in Hallmark Productions, Inc., v. Carroll, 384 Pa. 348. But, although prepublic exhibition license requirements were voided, the court recognized that obscenity merits no protection, when the then Chief Justice said, at page 358:

"It need hardly be added that even if all precensorship of motion picture films were to be held invalid this would not in and of itself affect the right to suppress objectionable films if exhibited, or to punish their exhibitor."

The facts alleged by plaintiff do not indicate that defendant has established or has attempted to establish precensorship. The district attorney merely threatened to perform his duty under the law, to wit, to arrest and to prosecute persons charged with a violation of The Penal Code. Indeed, if he did less, he could be charged with dereliction of his sworn duty.

Needless to say there is no constitutional right to exhibit an obscene motion picture. Roth v. United States, 354 U. S. 476. Whether or not this film violates section 528 of The Penal Code is a question of fact for determination by a jury in a criminal prosecution. Manifestly, if the district attorney is to prosecute violations of the section, the best evidence of the alleged violation is the actual film which was projected for view. It would appear that if more than one theatre exhibits a film which is said to violate the statute, then the actual film exhibited in each theatre must be seized as evidence or else the individual exhibitors thereof could rightfully argue that the film offered in evidence was not the one actually exhibited in their theatres.

Manifestly, unless the complaint pleads facts which show that the district attorney is proceeding to enforce a statute unconstitutionally or that he is trying to enforce an unconstitutional statute, equity has no jurisdiction.

In New American Library of World Literature v. Allen, Inc., 114 F. Supp. 823 (N.D. Ohio, 1953), a chief of police was restrained from ordering the suppression of plaintiff's books under threat of arrest. The case is distinguishable from the instant case in that no order of suppression was ever made. The method in that case was held to be arbitrary and unreasonable.

In Adams v. New Kensington, 357 Pa. 557, plaintiff sought an injunction restraining the enforcement of a license ordinance for musical machines, commonly referred to as "juke boxes." The ordinance prescribed penalities for violation. It was therein stated that equity may not enjoin criminal prosecutions on the ground that the statute or ordinance is unenforceable. The rationale is that there is an adequate remedy at law by way of defense.

However, the court recognized that equity might act where it is alleged not only that the ordinance is un-

constitutional but, in addition, plaintiff will suffer irreparable harm or that plaintiff will be subjected to cumulative, exorbitant and oppressive penalties pending judicial determination of validity. The rationalization of this position is that the protection of the property right is the primary consideration and the criminal proceeding involved is merely incidental. Compare Duquesne Light Co. v. Upper St. Clair Township, 377 Pa. 323. In that case the legal remedy was held to be inadequate in view of tremendous fines which could be levied every day pending decision of the zoning authority.

Plaintiff in this case has elected to continue to exhibit the film during the pendency of the criminal prosecution; that is his responsibility. Equity will not extend its protective arm to stay the regular process and procedure of the criminal code.

Plaintiff's complaint must fall to the preliminary objections because, even assuming irreparable harm, plaintiff's contention of the invalidity of the statute cannot be substantiated and, in fact, is directly contradicted by binding case law. Equity can proceed and interpose its strong remedies only when both conditions are met.

In its argument against the preliminary objections, plaintiff points to the order of the Supreme Court under the provisions of the Act of June 12, 1879, P. L. 177, 12 PS §§1102, 1103, as a determination that the complaint established equitable jurisdiction. That act provides for an appeal from the refusal of a preliminary injunction. Section 2 of the Act of 1879, 12 PS §1103, states that all cases shall be heard and determined as though said court (the Supreme Court) had original jurisdiction.

But, section 1 of the Act of 1879, 12 PS §1102, provides that the appeal shall not suspend proceedings in the original suit. On such appeals, the court will not

consider the merits of the case: Lindenfelser v. Lindenfelser, 385 Pa. 342.

The action of the Supreme Court was merely a partial restoration of the status quo ante pending determination in this court. Its temporary order cannot be taken as an adjudication that the complaint states a cause of action.

*Order*

And now, to wit, March 5, 1958, defendant's preliminary objections are sustained and the complaint is dismissed.

*Memorandum Opinion*

REIMEL, J., March 24, 1958.—This matter comes before the court on plaintiff's rule for a preliminary injunction.

Plaintiff instituted this action in equity seeking an injunction to restrain the District Attorney of the City of Philadelphia from interfering with the exhibition of a motion picture film, "And God Created Woman." The complaint also prays for a decree that defendant's actions violate the first and fourteenth amendments to the United States Constitution. A hearing was held on the aforesaid rule.

It is elementary that an injunction will not be granted to restrain criminal prosecutions on the mere ground that the statute or ordinance on which the prosecution is based is, for any reason, unenforceable, since the party has an adequate remedy at law; he may establish at trial, by way of defense, the invalidity of the legislative enactment. But equity does have jurisdiction to enjoin such a prosecution where it is alleged not only that the statute or ordinance is unconstitutional and void, but that its enforcement would cause plaintiff irreparable loss to his property, either by effecting, if not a total suppression of his business, at least a grave interference therewith, or by subjecting him to the imposition of cumulative, exorbitant and

oppressive penalties pending judicial determination of the validity of the legislation: Duquesne Light Co. v. Upper St. Clair Township, 377 Pa. 323; Adams v. New Kensington, 357 Pa. 557; Meadville Park Theatre Corp. v. Mook et al., 337 Pa. 21. In such cases, the ground of equitable jurisdiction is the protection of property rights, and the fact that a criminal proceeding is involved is merely incidental. Two factors are essential in such cases; i.e. the invalidity of the statute and irreparable damage. Moreover, it must prima facie appear that the statute is invalid.

The invalidity of the statute has not been shown. On the contrary, in Commonwealth v. Blumenstein, 184 Pa. Superior Ct. 83, section 528 of The Penal Code was held constitutional. The court held that this section of The Penal Code is not a denial of procedural due process nor does it violate the guarantee of freedom of expression as contained in the first and fourteenth amendments to the United States Constitution and article I of the Pennsylvania Constitution. The court also defined the terms "obscene," "indecent," "lascivious" and "lewd" and held that obscenity and indecency are not protected by constitutional freedom of speech. Roth v. United States, 354 U. S. 476, is in accord with the latter holding.

If the statute on which the prosecution is based is valid, the fact that the enforcement thereof would materially injure complainant's business or property constitutes no ground for equitable interference. It is only where the statute or ordinance is unconstitutional or otherwise invalid and where, in the attempt to enforce it, there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present when it appears that the injury or loss to plaintiff's business or rights of property would be only

100

such as would incidentally flow from the arrest and prosecution thereunder: Meadville Park Theatre Corp. v. Mook et al., supra.