## Tosten v. Stum

*Robert M. Frey*, for plaintiff.

*James K. Arnold*, for defendant.

JACOBS, J., February 13, 1957. — On November 1, 1956, plaintiff filed suit against defendant in an action of trespass growing out of the use and operation of a motor vehicle in Cumberland County before William B. Clark, a justice of the peace, in Shippensburg, Cumberland County. Both plaintiff and defendant are residents of Cumberland County, and the summons was duly served on defendant on November 2, 1956. A hearing was held before the justice of the peace on November 7, 1956. At the hearing plaintiff sought a judgment for damage to his automobile in the amount of $99.46. Defendant counterclaimed for damage to his automobile in the amount of $222.07. The justice of the peace dismissed the counterclaim and entered judgment in favor of plaintiff in the amount of $99.46 and costs. Upon praecipe a writ of certiorari was issued to the justice of the peace. Defendant makes only one objection to the record of the justice of the peace. The record fails to show that the repairs to plaintiff's automobile were paid and that a receipted bill therefor was produced at the hearing. This, defendant asserts, is reversible error because the action was brought under section 1208 of The Vehicle Code, as last amended on July 27, 1955, P. L. 296, commonly known as the receipted bill statute, 75 PS §738, which requires plaintiff to produce a receipted bill in order to invoke the provisions of the statute.

What is there on the record to indicate that this action was brought under the receipted bill statute? In his oral argument defendant points to the provisions of the summons which state that an action in trespass is brought growing out of the use and operation of a motor vehicle on the public highways of Cumberland County "not exceeding $100.00." On the transcript costs are taxed opposite "assumpsit or tres-

pass involving $100.00 or less." Do these provisions of the summons and the transcript show that the action was brought under the receipted bill statute so as to require strict compliance therewith? We think not, for two basic reasons.

In the first place, a justice of the peace should not be held to the strict formalities of a pleading in the preparation of his documents. He is not required to be learned in the law, and the same exactness that is required of an attorney should not be required of him. If a justice of the peace substantially meets the requirements, it should be sufficient.

The Supreme Court of Pennsylvania in Bright v. Getz, 81* Pa. 144, stated as follows:

"Forms of action are not prescribed in the law giving jurisdiction to justices, and it would be unwise to require adherence to them."

Every presumption consistent with the record is made in favor of the regularity of the proceedings, and a justice's judgment will not be reversed because of a mere informality.

The foregoing principles are set forth in Sprowls v. Ealy, 24 D. & C. 377; Bound v. Pritchard, 43 Schuyl. 67; and on page 521 of "Practice before Subordinate Courts of Pennsylvania", by William A .Valentine.

As was said in Wildasin v. Martin-Parry Corporation, 2 D. & C. 173.

"An action before a justice of the peace depends, not so much upon the form in which it is brought as upon what the facts show was the cause for which it was brought."

To show the extent to which this last statement is true we cite the case of Hanlen v. Burns, 15 D. & C. 814, decided by this court in 1930. In that case plaintiff brought suit before a justice of the peace for damages to his automobile as a result of a collision, judgment being given in the amount of $33.51. The justice

of the peace designated the action as one in assumpsit. Defendant appealed and plaintiff filed his statement of claim in trespass. Defendant objected to the departure from assumpsit to trespass. In overruling the objection, the late Judge E. M. Biddle, Jr., said, inter alia:

"It is unquestionably true that the plaintiff may not depart from the cause of action instituted before the justice. But there has been no such departure. While the justice entitled the proceeding before him one of assumpsit, this is immaterial where the record, as a whole, showed clearly that the action was one of trespass and not in assumpsit".

It has long been held that justices of the peace have jurisdiction in automobile accident cases up to $300 where the action is trespass vi et armis under the Acts of March 22, 1814, P. L. 190, and July 7, 1879, P. L. 194, 42 PS §331 and 241. These may be designated as the statutes giving general jurisdiction to justices of the peace. The Act of 1879 was amended on December 9, 1955, to increase jurisdiction in such cases to $500. The receipted bill statute, while originally having a jurisdictional limit of $100, now has a jurisdictional limit of $300 by amendment dated July 27, 1955. Therefore, at the time this suit was instituted, the receipted bill statute had a jurisdictional limit of $300 and the general statute giving jurisdiction to justices of the peace had a limit of $500. The forms used by the justice of the peace were out of date and it would be holding him to the highest technicalities of pleading to find that the insertion of $100 meant that he was proceeding under the receipted bill statute. We hold that the only errors in the record of the justice of the peace are mere informalities for which his judgment will not be set aside.

In the second place, we are in accord with that line of cases which hold that the receipted bill statute

is procedural in its effect and applies only where defendant cannot be served in the county in which the accident happened. The transcript of the justice of the peace shows very plainly that the accident happened in Cumberland County and both plaintiff and defendant live in Cumberland County and defendant was served in Cumberland County. The record clearly shows that the action was brought under the general statutes giving jurisiction to justices of the peace and not under the receipted bill statute. This action is controlled by what the facts on the record show rather than by the form.

The opinion of Judge Wissler of the Common Pleas Court of Lancaster in Simms v. Griest, 67 D. & C. 88, contains the following:

"It might be stated in passing that the oral argument of defendant that the justice's record does not show that he produced a receipted bill for the repairs, in accordance with section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §738, is without merit because that section is only applicable where the defendant is a nonresident and not where, as in the instant case, defendant was a resident of the county in which the suit was brought."

And in Dunn v. Urbanelli, 41 Del. Co. 212, it was held as follows:

"There is no necessity for the plaintiff to produce a sworn to, receipted bill for repairs for the alleged damages because the cause of action arose in this county and the suit was brought in this county where the defendant resides."

*Order*

And now, February 13, 1957, at 2 p.m., the exceptions of defendant are dismissed and the judgment of the court below is affirmed.