Wolfe *v.* Socash, Appellant.

Argued November 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert F. Hawk,* with him *Painter & Painter,* for appellant.

*Lee L. Leonard,* for appellee.

OPINION BY WRIGHT, J., December 16, 1964:

On the afternoon of December 14, 1963, at the intersection of Ridge Road and State Road in Middlesex Township, Butler County, there was a collision between automobiles operated, respectively, by Mrs. Mina L. Socash and Raymond H. Wolfe (spelled Wolff in the briefs). A trespass action was instituted by Wolfe and his wife against Mrs. Socash before a justice of the peace in Callery Borough, Butler County. Mrs. Socash resided in Butler County, and process was served on her in that county. After a hearing at which both parties appeared, a judgment was entered in favor of the plaintiffs in amount of $410.85. There was no appeal or certiorari. The judgment was later certified to the Court of Common Pleas of Butler County, whereupon Mrs. Socash filed a motion to strike. The court below granted a rule to show cause, and subsequently entered an order discharging this rule. Mrs. Socash has appealed.

Appellant's contention is based on the fact that proof of the damage to the Wolfe automobile was accomplished before the justice of the peace by the submission of two estimates, together with photographs, and that a sworn receipted repair bill was not produced. The precise question thus presented has not previously received appellate consideration, although it has been frequently treated by the lower courts with conflicting results.

The jurisdiction of justices of the peace and other inferior magistrates is purely of statutory origin: *Neel v. Cann*, 158 Pa. Superior Ct. 426, 45 A. 2d 415. The history of the general statutory provision conferring jurisdiction on justices of the peace commences with the Act of March 22, 1814, P. L. 190, 6 Sm. L. 182. This early statute was the source of the Act of July 7, 1879, P. L. 194, 42 P.S. 241, which was amended by the Act of December 9, 1955, P. L. 817, to read as fol-

lows: "The aldermen, magistrates and justices of the peace, in this commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions arising from contract either express or implied and of all actions of trespass, wherein the sum demanded does not exceed five hundred ($500) dollars, except in cases of real contract where the title to lands or tenements may come in question".

Appellant's argument is based on the existence of another statutory provision contained in Section 1303 of The Vehicle Code,[1] and presently reading as follows: "All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. No action involving more than one hundred dollars ($100.00) shall be brought before any magistrate in cities of the first class, and no action involving more than five hundred dollars ($500.00), shall be brought before any alderman or justice of the peace".

It should perhaps be noted that a provision authorizing deputized service in actions brought in the court

---

[1] Act of April 29, 1959, P. L. 58, §1303, as amended, 75 P.S. 1303.

of common pleas appeared in the Act of April 27, 1909,
P. L. 265, and was held to be constitutional in *Garrett
v. Turner*, 47 Pa. Superior Ct. 128; affirmed 235 Pa.
383, 84 A. 354. This provision was first extended to
include actions brought before a justice of the peace
by the Act of June 14, 1923, P. L. 718.

We fail to perceive that any problem is created by
the co-existence of these two statutory provisions. In a
case interpreting the provision in The Vehicle Code our
Supreme Court stated that it was not a restricting act:
*Orlosky v. Haskell*, 304 Pa. 57, 155 A. 112. It is proce-
dural in nature, and its effect is to authorize deputized
service outside the county for vehicle accidents occur-
ring within the county: *Paulson v. Eisenberg*, 134 Pa.
Superior Ct. 503, 4 A. 2d 585. As pointed out by Honor-
able GEORGE P. KIESTER in his opinion for the court be-
low: "The 'receipted bill' requirement is applicable only
to such cases. The general jurisdiction of the Justice of
the Peace granted by the Act of 1955 is not reduced by
the Act of 1959". A similar conclusion was reached by
Honorable ROBERT LEE JACOBS of Cumberland County,
soon to be a member of this court, in *Tosten v. Stum*,
11 Pa. D. & C. 2d 188.

In brief, it is our view, and we expressly so rule,
that it is not necessary for the plaintiff in a trespass
action before a justice of the peace to produce a sworn
receipted repair bill if service on the defendant is made
in the county wherein the suit is instituted.

Order affirmed.