Marilyn Judge, John McIntyre, Patricia Stanavitch, Althea Stanavitch, Evelyn Fornaszewski and Lawrence Sykes, Appellants, *v.* Edward Pocius, Eugene Donahue, Donald B. Cahoon, Wallace J. Cullen, Walter Gantz, Dorothy Kairis, Mary McGurrin, Alfred M. Sporer and Scranton School District, Appellees.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph Paul Coviello,* with him *Dunn, Byrne and Coviello,* for appellants.

*James A. Kelly,* Solicitor, with him *Paul T. Burke,* for appellees.

*Barnett Satinsky,* Deputy Attorney General, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for amicus curiae, Commonwealth.

OPINION BY PRESIDENT JUDGE BOWMAN, November 12, 1975:

The significant issue sought to be raised by the parties to this appeal concerning what actions of public officials constitute "setting of any official policy" proscribed by the Act of July 19, 1974, P. L. 486, 65 P. S. §261 et seq. ("Sunshine Law"), unless the prescribed public notice and public meeting criteria of the statute have been met, is misdirected, as the only possible issue that can be raised by this appeal is the propriety of the lower court order denying appellants' application for a preliminary injunction.

The order of the lower court from which this appeal was taken was entered on February 24, 1975, following a hearing on appellants' application for preliminary injunction. It denied appellants' prayer for preliminary relief "and other relief" and allowed exceptions thereto to be filed by appellants. Prior to this order being issued, appellees had filed preliminary objections, which remain undisposed of unless the aforesaid order in denying "other relief" was intended to dispose of such objections. After entry of the aforesaid order, exceptions were filed by appellants, which remain undisposed of. The order itself, while making essential conclusions of law, does not, in narrative form or otherwise, make critical findings of fact to support the conclusions of law.

Having reviewed the transcript of the hearing on appellants' application for preliminary injunction, the only substantive order entered by the lower court in this

case, and the record of this proceedings, the only possible avenue of appeal is from the lower court's refusal to grant the preliminary injunction as allowed by the Act of June 12, 1879, P. L. 177, 12 P. S. §1102. With exceptions to the order in question undisposed of by the lower court, the order is not final and not appealable. *Sessa v. Melnick,* 420 Pa. 257, 216 A.2d 56 (1966).

Furthermore, assuming the finality of the order from which this appeal was taken, our scope of review could not be properly applied for want of critical findings of fact having been made by the lower court in support of the conclusions of law it reached in its order. In itself, this deficiency would require a remand and further proceedings in the court below.

Considering the only issue before us in this appeal, we cannot conclude from our review of the record and the novelty of the underlying substantive legal issue that the lower court was without apparently reasonable grounds in refusing appellants' application for preliminary injunction. *Community Sports, Inc. v. Denver Ringsby Rockets, Inc.,* 429 Pa. 565, 240 A.2d 832 (1968); *Armstrong School District v. Armstrong Education Association,* 5 Pa. Commonwealth Ct. 378, 291 A.2d 120 (1972).

The order of the lower court denying plaintiffs-appellants' application for preliminary injunction is affirmed. The case is remanded to the Court of Common Pleas of Lackawanna County for further proceedings.