Fantastic Plastic, Inc., a Pennsylvania Corporation *v.* Peter F. Flaherty, Mayor and Public Safety Director of the City of Pittsburgh; Robert Coll, Superintendent of Police; and Angie L. O'Connor, Supervisor, Bureau of Licenses and Permits. Fantastic Plastic, Inc., Appellant. (2 Cases)

Argued May 4, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.  Judge Kramer did not participate.

*John L. Laubach, Jr.,* with him *David A. McVey,* and *Stevens, Clark, Laubach & Semple,* for appellant.

*Eugene B. Strassburger, III,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, August 5, 1976:

These consolidated appeals have their origin in a complaint in equity filed by Fantastic Plastic, Inc. (appellant) against Peter F. Flaherty, Mayor and Public Safety Director of the City of Pittsburgh, the Superintendent of Police, and the Supervisor of the Bureau of Licenses and Permits (appellees), seeking preliminary and permanent injunctive relief. Appellant seeks to operate its discotheque and restaurant located in Pittsburgh as a dance hall with adult patrons having the privilege of bringing their own liquor for consumption on the premises.[1] After obtaining occupancy permits for the premises, appellant sought a dance hall license as required by State law. Act of May 16, 1919, P.L. 193, *as amended,* 53 P.S. §4731 et seq. (commonly and hereinafter referred to as the Dance Hall Act). The Supervisor of the Bureau of

---

[1] No liquor license has been issued to or is currently being sought by appellant.

Licenses and Permits denied the application for said permit on instructions from the Mayor.[2]

Appellees have advanced various reasons for the denial of the permit;[3] the most significant reason appears to be that Section 4 of Pittsburgh Ordinance No. 192 of 1915 forbids the consumption or possession of liquor in dance halls, and, thus, appellant's admitted intention to operate a "bring your own bottle" dance hall would constitute a violation of said ordinance.[4] In this equity action, appellant desires to force appellees to issue a dance hall license and refrain from interfering with the operation of its establishment. The appellees filed preliminary objections to the complaint, alleging a want of equity jurisdiction because of the existence of an adequate remedy at law and a demurrer for failure to state a cause of action.

After a hearing, the court below, on June 19, 1975, denied the requested preliminary injunction. Subsequently, on September 9, 1975, the court issued another order sustaining the preliminary objections and dismissing appellant's complaint. It did not consider the demurrer, but found equity jurisdiction lacking because of an adequate legal remedy for review of the license denial. Appellant has appealed to this Court from both the denial of preliminary injunction and the dismissal of its complaint.

As to the denial of the preliminary injunction, our scope of review is extremely narrow. It is well- estab-

---

[2] Section 5 of the Dance Hall Act, 53 P.S. §4735, places upon the Mayor the duty to investigate applications to insure compliance with the law related to dance halls.

[3] None of these reasons were *specifically* enumerated criteria set forth in the Dance Hall Act.

[4] Although argued in the briefs, the question of whether the Dance Hall Act precluded the City's right to prescribe, by ordinance, additional requirements for receiving a dance hall license, because of the posture of the case, is not before us, and we express no opinion on this issue.

lished law that a court, reviewing the grant or denial of a preliminary injunction, will not disturb the decision of the court below if there exists *any apparently reasonable grounds* for the court's action, *e.g., Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corporation,* 450 Pa. 367, 301 A.2d 816 (1973) ; *Judge v. Pocius,* 21 Pa. Commonwealth Ct. 580, 347 A.2d 752 (1975). After reviewing the record, we cannot say that the court below lacked any reasonable grounds to deny the requested preliminary injunction, and we affirm as to No. 875 C.D. 1975.

Next, we must determine whether there was an adequate remedy at law available to appellant, thereby negating equity's jurisdiction. The court below found that Section 1-115 of Pittsburgh Ordinance No. 15 of 1971 embodied such a remedy. That ordinance, in pertinent part, provides:

"Any person aggrieved by the License Officer by having his application for his license denied or his license revoked can appeal to Magistrate's Court of the City of Pittsburgh within 10 days following the effective date of such action complained of."

Upon review of this ordinance, we are confronted with the question of whether the City of Pittsburgh has the authority to confer jurisdiction upon the Magistrate's Court to hear such appeals. Said court is specifically provided for by Article V of the Pennsylvania Constitution and is declared to be part of the unified judicial system.[5] In addition, the Act of June 16, 1891, P.L. 303, *as amended,* 53 P.S. §22264 et seq., sets forth the jurisdiction of the Magistrate's Court. Nowhere in that Act or other Acts of the General Assembly of which we are aware, are Magistrate's Courts afforded jurisdiction to review the issuance of or denial of licenses.

---

[5] Section 21 of the Schedule of the Judiciary Article, Pa. Const. art. V.

The Magistrate's Court, as part of our unified judicial system, enjoys only such jurisdiction and authority as prescribed by the legislature; the City of Pittsburgh cannot expand its jurisdiction by ordinance as has been attempted here. It has long been the law of this Commonwealth that justices of the peace and other inferior courts are purely creatures of statutory origin and enjoy only such jurisdiction as the legislature provides.[6]

In *Byers, supra* note 6, the Superior Court was concerned with an action brought before a justice of the peace for an overcharge of rent in violation of the Federal Emergency Price Control Act, which granted concurrent State and Federal jurisdiction. In stressing that justices of the peace possess only statutory jurisdiction, the Court pointed out that such jurisdiction in assumpsit is limited to contracts between two parties in the course of their dealings, not to compacts created by government. We think this refusal to extend jurisdiction of the minor judiciary beyond that clearly mandated by the legislature is most significant here. A city ordinance cannot grant jurisdiction to a Magistrate's Court to review administrative action, and most certainly not when the local action being reviewed is the grant or denial of a license required by State Law,[7] but administered by local government officials.

---

[6] *Murdy v. McCutcheon*, 95 Pa. 435 (1880) ; *Wolfe v. Socash*, 204 Pa. Superior Ct. 492, 205 A.2d 645 (1964) ; *Byers v. Olander*, 161 Pa. Superior Ct. 165, 54 A.2d 111 (1947) ; *Neel v. Cann*, 158 Pa. Superior Ct. 426, 45 A.2d 415 (1946) ; *see also Collins v. Gessler*, 452 Pa. 471, 307 A.2d 892 (1973), in which the Supreme Court in recognizing that the minor judiciary are part of the unified judicial system, noted that the jurisdiction of a justice of the peace is statutorily limited as to amount and cause of action.

[7] Appellees have argued that the word "statute" as used by the courts should be read to include ordinances. We reject this interpretation and adhere to the definition of statute found in the Statu-

As the Magistrate's Court of Pittsburgh does not have jurisdiction to review the refusal of appellant's application for a dance hall license, the court below erred in finding such appeal to be an adequate remedy at law.

The order of the court below dismissing appellant's complaint is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.

### ORDER

Now, August 5, 1976, the order of the court below in denying appellant's application for a preliminary injunction is affirmed. Its order dismissing plaintiff-appellant's complaint in equity because of the existence of an adequate remedy at law is reversed and this case is remanded to the Court of Common Pleas of Allegheny County for further proceedings not inconsistent with the foregoing opinion.

tory Construction Act of 1972, 1 Pa. C.S. §1991, which defines statute to be an act of the General Assembly.