Marilyn Judge, John McIntyre, Patricia Stanavitch, Althea Stanavitch, Evelyn Fornaszewski and Lawrence Sykes, Appellants *v.* Edward Pocius, Eugene Donahue, Donald B. Cahoon, Wallace J. Cullen, Walter Gantz, Dorothy Kairis, Mary McGurrin, Alfred M. Sporer, Scranton School District, Appellees.

140

Argued October 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Joseph Paul Coviello,* with him *Dunn, Byrne, Coviello and Eisenstein,* for appellants.

*James A. Kelly,* with him *Paul T. Burke,* for appellees.

*Barnett Satinsky,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for amicus curiae, Attorney General.

OPINION BY JUDGE BLATT, January 10, 1977:

Six citizens and taxpayers of the City of Scranton have here appealed from an order of the Court of Common Pleas of Lackawanna County which dismissed their complaint in equity. The complaint named as defendants the Scranton School Board (Board) and eight of its directors as individuals, and it alleged a violation of the Act of July 19, 1974, P.L. 486, 65 P.S. §261 et seq., colloquially known as the Sunshine Law, with respect to a meeting conducted by the Board on January 23, 1975. It asked that the Board be enjoined from holding any future meetings in violation of the Sunshine Law and that any action taken at the meeting of January 23, 1975 be declared void. It also asked that any action which had been influenced by the said meeting of January 23, 1975, although taken at a later public meeting, be likewise enjoined.

The court below had denied the application of the appellants here for a preliminary injunction, an order which we affirmed.[1] Following our remand for further proceedings, the parties entered into a stipulation that the court should proceed to decide the issue on the testimony heard on the application for the preliminary injunction. Then, after reconsidering the record, the court below dismissed the complaint, finding that the Board meeting held on January 23, 1975 was not subject to the provisions of the Sunshine Law and that no rights of the plaintiffs had been violated by their exclusion from that meeting. This appeal followed.

---

[1] *See Judge v. Pocius,* 21 Pa. Commonwealth Ct. 580, 347 A.2d 752 (1975).

In an appeal from a decision of a court of equity, this Court will reverse only where there is a manifest or clear error of law or an abuse of discretion, and the decision of the lower court will stand if sufficient evidence supports the findings and the reasonable inferences and conclusions derived therefrom. *Groff v. Borough of Sellersville*, 12 Pa. Commonwealth Ct. 315, 314 A.2d 328 (1974). The only issue presented here is whether or not the court below was correct in holding that the Board meeting held on January 23, 1975 (January 23 meeting) was one which was not subject to the provisions of the Sunshine Law.

The Sunshine Law is the latest in a series of legislative enactments[2] designed to provide a comprehensive format governing public access to the meetings and hearings of public agencies. Section 2 of the Law, 65 P.S. §262, provides that:

> The meetings or hearings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a public meeting.

Section 1 of the Law, 65 P.S. §261, provides that a school board is an agency subject to the legislation and defines formal action as follows:

> 'Formal action' means the taking of any vote on any resolution, rule, order, motion, regulation or ordinance or the setting of any official policy.

Section 5 of the Law, 65 P.S. §265, requires every agency subject to its regulation to hold all public meetings at specified times and to give public notice of regular and special meetings by publication in a newspaper of general circulation and by posting a

---

[2] *See* Act of June 21, 1957, P.L. 392, *as amended*, 65 P.S. §251 et seq. and Act of June 21, 1957, P.L. 390, 65 P.S. §66.1 et seq.

copy of the notice of meeting at the principal office of the agency or at the public building at which it is to be held.

It is uncontested here that the regular public meetings of the Board were held in compliance with the requirements of the Sunshine Law. The January 23 meeting, however, had not been publicized, and the appellants had been refused admission. The meeting had been called by the Superintendent of Schools and was designated a ''work session'' and, because the meeting was considered unofficial, no minutes were kept. An agenda, however, had been prepared by the Board's administrative staff, and the Superintendent gave information to the Board regarding the matters listed therein while various employees of the school district were also present and made reports to the Board. The following subjects were discussed: the curtailment of school programs and the immediate closing of four elementary schools in accordance with a proposal adopted by the Board at a prior public meeting, the school calendar for the next year, a review of a labor contract with a teacher's union and the scheduling of classes at a local high school. The lower court found that no official policy had been set and that in fact no decision had been reached as to any of these matters at the meeting, and our careful review of the record supports this conclusion.

The appellants argue, however, that the directors violated the Sunshine Law by taking a vote at the meeting, and they point to a discussion by the directors of methods of implementing a previously adopted proposal to close four elementary schools as an economy measure. The issue under discussion was when these schools should be closed, and each of the directors in turn stated his opinion on this question. The lower court found that this exchange was not a vote on the issue but was merely a discussion as to whether or

not the matter should be placed upon the agenda of a public Board meeting to be held in the future. Our careful examination of the record reveals that there is substantial evidence to support this finding, and we will not disturb it.

The appellants argue finally that the Board's discussion of matters at the January 23 meeting which might be the subject of later official action was in itself a violation of the Sunshine Law. Specifically, they contend that the definition of "formal action" contained in Section 1 of the Sunshine Law encompasses the acts of deliberation, discussion and decision prior and leading up to the affirmative formal action which renders official the final decision of public agencies. We disagree.

The language of the Sunshine Law is clear that the only meetings which must be public are those at which formal action is taken, and no such action was taken here. We believe that if the legislature had intended that the preliminary activities of deliberation, discussion and decision which lead up to affirmative formal action be public, these acts would have been specifically included within the statutory definition of formal action, and yet the term is defined in Section 1 of the Law, 65 P.S. §261, merely as "the taking of any vote . . . or the setting of any official policy." It is an established rule of statutory construction that the words and phrases of a statute should be construed according to the rules of grammar and in accordance with their common and approved usage.[3] Noting that the statutory definition uses gerundial forms of the verbs "take" and "set," we interpret formal action to mean the *act* of voting on any resolution, rule, order, motion, regulation, or ordinance, or the *act* by which a general principle or definite

---

[3] Section 3(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1903(a).

course of action is formally adopted as official policy. We believe that the Sunshine Law requires only that any agency, as that term is defined in the law, which votes or is scheduled to vote on any resolution, rule, order, motion, regulation or ordinance, or which acts or is scheduled to act in any formal way to adopt a general principle or a definite course of action as its official policy, must do so in a public meeting[4] of which notice has been given in the manner specified. Inasmuch as the Scranton School Board did not vote on any matter or act to adopt any official policy at its January 23 meeting, we can find no violation of the Sunshine Law in the case at hand. The order of the lower court dismissing the appellants' complaint, therefore, is affirmed.

### ORDER

AND Now, this 10th day of January, 1977, the order of the Court of Common Pleas of Lackawanna County, dated February 11, 1976, is hereby affirmed.

---

[4] Except, of course, those subjects specifically excepted in Sections 3(1), 3(2), 7, and 10 of the Sunshine Law, 65 P.S. §§263(1), 263(2), 267.