Franklin Land Company and John Hobart Miller, Inc. *v.* Borough of Fox Chapel, Appellant.

Argued November 3, 1977, before Judges Wilkinson, Jr. and Rogers, sitting as a panel of two.

*A. Bruce Bowden*, with him *John R. Johnson*, and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for appellant.

*T. Lawrence Palmer*, with him *Jay D. Glasser*, and *Hollinshead and Mendelson*, for appellees.

OPINION BY JUDGE WILKINSON, JR., November 23, 1977:

This appeal follows the granting of a preliminary injunction by the court below. This injunction prohibits the appellant Borough of Fox Chapel (Borough) from interfering with the appellees' ingress and egress to and from their property in Harmar Township (Township) over a street located in the Borough, known as Sweet Gum Road. The Borough was further ordered to remove any obstructions which existed upon that road. We affirm the granting of the preliminary injunction.

The appellees own a tract of land which is divided by the boundary between the Borough and the Township. On the Borough side of their property the appellees have substantially completed a residential development known as "The Forest." The Township side has not yet been developed.

In connection with the development of the Township property, the appellees plan to extend Sweet Gum Road into the Township so as to have a means of access onto their property from the Borough side. The record shows that a cinder topped road in the Township, known as Campbell Road, could provide access from the Township side. To limit appellees to this access road, however, would require the construction of a road one mile long through the appellees' property so as to enable them to begin construction of homes near the municipality boundary line. The appellees readily agree that it is economically advan-

tageous to construct homes near the Borough side first, and to have prospective buyers enter the development through the Borough, due to the higher price they will be able to obtain for their homes. Additionally, it is clear that it is much cheaper merely to continue construction of Sweet Gum Road, and to extend the utility lines located along it, than to construct a new road, and some new utility lines, from the Township side.

Sweet Gum Road lies entirely within the Borough. *It was constructed by the appellees, and then dedicated to, and accepted by, the Borough.* The road is not paved all the way to the boundary line; rather, the paved portion of the road stops some 13 to 16 feet from the boundary line. It is significant to note that the Borough insisted that a portion of the cash bond posted by the appellees for the proper construction of Sweet Gum Road be retained pending completion of additional work on the last 13 to 16 feet. This demonstrates a recognition on the part of the Borough that Sweet Gum Road extended up to the boundary line, and did not stop at the then end of the paved section.

On October 18, 1976, the Borough enacted an ordinance vacating Sweet Gum Road. The validity of the vacating ordinance was immediately contested, which had the effect of staying the vacation pending a final determination by the Court of Common Pleas of Allegheny County of the propriety of the vacation. On November 24, 1976, the appellees began to actively use both the paved and unpaved sections of Sweet Gum Road to gain access to their Township property. On November 29, as well as December 1, Borough police came to the appellees' work site in an effort to prevent them from using Sweet Gum Road. On December 3, posts were erected by the Borough across the road, thereby denying access to the Township proper-

ty. These posts were cut down by employees of the appellees, but were again erected by the appellant on December 6. Finally, on December 11 the appellant parked one of its road graders across the road, completely blocking appellees' access. This action led to the injunctive relief granted to them by the court below and from which this appeal was taken.

When reviewing a decision granting a preliminary injunction that decision will not be disturbed if there exist any apparently reasonable grounds for the court's action. *Fantastic Plastic, Inc. v. Flaherty,* 26 Pa. Commonwealth Ct. 11, 361 A.2d 489 (1976). The three prerequisites to the granting of a preliminary injunction are: (1) the plaintiff will suffer immediate and irreparable injury not compensable by an action at law for damages; (2) there is a greater harm in refusing the preliminary injunction than in granting it; (3) the plaintiff's prospect of securing a permanent injunction is good. *American Federation of State, County and Municipal Employees v. Shapp,* 443 Pa. 527, 280 A.2d 375 (1971). In addition, a preliminary injunction would preserve the status quo as it existed immediately prior to the alleged wrongful conduct. *Midland Borough v. Midland Police Department,* 5 Pa. Commonwealth Ct. 462, 290 A.2d 731 (1972).

In light of the above, it is clear that our only task in this case is to determine if there is any reasonable basis to support the Chancellor's decision that the prerequisites for the granting of a preliminary injunction have been met. We believe that such a basis does exist.

The record clearly shows the great harm that will be suffered by the appellees in this case if they are denied access to their Township property over Sweet Gum Road. This harm includes the high construction costs involved in building a road from the Township side, and extending certain utility lines along such

a road, the lower selling price of appellees' homes if access is limited to the Township side, the appellees' inability to construct a model home in time for the spring selling season, and so on. At the same time that the injury to the appellees is clear, we are unable, as was the Chancellor below, to ascertain any injury to the Borough from allowing the appellees access over Sweet Gum Road. The appellant's argument that such injury does exist in the form of a continuing trespass is without merit, as it presupposes the outcome of the pending action at law regarding the propriety of the vacation.

We find that at the present time the appellees do have a clear right to use Sweet Gum Road all the way up to the municipal boundary line. This road has been dedicated to, and accepted by, the Borough in its entirety. The effect of the Borough's ordinance vacating the road has been stayed by the appeal taken from that action. Thus, we see nothing in the facts as they *currently* exist that would deprive the appellees of the use of Sweet Gum Road. We do not agree with the appellant that there is anything in the Borough Code that alters this result. Indeed, it is difficult for this Court to understand how responsible borough officials could use self help and the threat of arrest for the use of a public thoroughfare pending the resolution of the legal questions of the validity and consequences of the vacating ordinance. As stated by Justice ROBERTS, speaking for the court in *Berman v. Philadelphia*, 425 Pa. 13, 17, 228 A.2d 189, 191 (1967):

> [S]urely as Mr. Justice BRANDEIS recognized, basic respect for government is eroded when some of its officers arbitrarily ignore established procedures of law and rely upon the force of their power . . . the interest to be protected here, which can never be compensated

for in damages, extends beyond the instant appellants to the community at large.

It must be pointed out that in addressing the issue of the appellees' current right to use Sweet Gum Road we express no opinion as to the validity of the vacating ordinance or the consequences of either the appellee's right to use the right of way or the ultimate right of the Borough to vacate the Road. That issue is, of course, properly determined in the pending action at law and subsequent actions, if necessary.

One final issue that must be briefly addressed is whether the preliminary injunction herein granted preserves the status quo. The appellant contends that the status quo is that state of affairs that existed prior to the appellees' work on the unfinished portion of Sweet Gum Road, and their use of the road as a means of access to the Township. We do not agree. The proper status quo in this case is that state of affairs which existed immediately prior to the action of the appellant in blocking appellees' access over Sweet Gum Road.

Accordingly, we will enter the following

ORDER

Now, November 23, 1977, the order of the Court of Common Pleas of Allegheny County, No. GD76-27852, dated December 15, 1976, is affirmed.