## Mills v. Bristol Township Board of Commissioners

*Wayne N. Cordes,* for plaintiff.
*Leonard B. Sokolove,* for defendant.

MIMS, *J.,* January 10, 1978—Plaintiff, Robert J. Mills, proceeding under the first count of his complaint in mandamus, has requested this court to void a promotion to the rank of sergeant which was made within the Bristol Township Police Department, and to direct the civil service commission of that township to conduct an examination to fill that position and prepare a valid list of eligible candidates. Plaintiff's complaint alleges that on January 13, 1976, the Civil Service Commission of Bristol Township voided a promotional examination eligible list, and that the same list was, nevertheless, improperly used by the township as a basis for the

subsequent promotion of another police officer into the vacant sergeant position.

Bristol Township, on the other hand, argues that the promotion eligible list was never voided and remained in full force and effect, inasmuch as the action taken by the civil service commission was violative of that commission's own regulations and of the Sunshine Law of July 19, 1974, P.L. 486, sec. 1 et seq., 65 P.S. §261 et seq.

Under The First Class Township Code of June 24, 1931, P.L. 1206, art. VI, sec. 626, as amended, 53 P.S. §55626, each township which maintains a police force is to have a civil service commission consisting of three members. Section 628 of that act, 53 P.S. §55628, mandates that each commissioner "be notified in writing of each and every meeting." Section 630, 53 P.S. §55630, further empowers the commission to prescribe rules and regulations governing its conduct, which regulations cannot become effective until approved by the township commissioners and which cannot subsequently be modified or amended without that same approval.

Under section 631, 53 P.S. §55631, the commission is required to "keep minutes of its proceedings . . . and other official actions."

Pursuant to the foregoing statutory authority, the Bristol Township Civil Service Commission enacted regulations which included the following:

"Section 204. *Meetings* Except for the biennial organization meeting, all meetings shall be held either at the call of the Chairman or at the call of two members of the Commission. At least forty-eight (48) hours written notice of each meeting shall be given each member. The requirement of at least forty-eight (48) hours written notice of each

meeting may be waived in certain situations or emergencies with the concurrence of all members of the Commission. The Commission shall have the discretion to determine whether meetings shall be open to the public.

"Section 703. *Life of Eligible Lists* The Commission, at its discretion, may void an eligible list at any time, but in no case shall any eligible list remain in effect for a period of more than one year (1) from the date of its certification."

Under these regulations, the commission obviously had the discretionary power to void an eligible list: Fraternal Order of Police, etc. v. Lower Merion Township, 416 F. Supp. 65 (E.D. Pa. 1976).

However, that power had to be exercised in strict compliance with applicable Civil Service Laws; substantial compliance is not sufficient: Chomas v. Township of Elizabeth, 120 Pitts.L.J. 107 (1971); Snizaski v. Zaleski, 410 Pa. 548, 189 A. 2d 284 (1963).

The Sunshine Law previously referred to also requires that any "formal action" taken by an "agency" (both terms are defined in section 1 of the act, 65 P.S. §261), in order to be valid, must be accomplished at a public meeting: Judge v. Pocius, 28 Pa. Commonwealth Ct. 139, 367 A. 2d 788 (1977). Section 5, 65 P.S. §265, in turn, delineates the requirements for giving of public notice of such meetings. Specifically, subsection (c) provides for the publication of notice ". . . at least twenty-four hours prior to the time of the meeting in the case of special . . . meetings or hearings." An exception to that requirement is set forth in subsection (e), which states that formal action may nevertheless be valid even in the absence of proper notice, where ". . . an agency holds a meeting to deal with an

actual emergency involving a clear and present danger to life or property."

It remains for us to examine the record to determine whether these various formalities required by statute and by the commission's own rules and regulations were complied with, or whether they were waived by the particular circumstances out of which the January 13, 1976, meeting arose. The facts of this case were developed through testimony and evidence presented at a hearing before the undersigned on October 21, 1977. From that testimony, it appears clear that there was no advertised public notice and no written notice given to the members of the Bristol Township Civil Service Commission of the special meeting called for the evening of January 13, 1976. Rather, notice was simply communicated by telephone calls from the chairman of the commission to its other two members. No formal minutes were taken at that meeting, nor was there any written waiver of notice submitted by the commission member who did not attend. Evidently, the meeting was open to the public, although that fact is virtually meaningless since no steps were taken to make the public aware that it was being held. See Consumers Education and Protective Association v. Nolan, 470 Pa. 372, 368 A. 2d 675 (1977).

Plaintiff suggests that the meeting in question was an emergency session, and that, therefore, the Sunshine Law did not have to be complied with. However, we cannot envision the underlying purpose for which the meeting was called as one which involved "a clear and present danger to life or property," which is the standard called for under that act, as aforesaid. We find in the record no satisfactory explanation as to why the meeting could not

have been scheduled sometime prior to January 13th, since the testimony adduced indicated that the civil service commission had been receiving numerous complaints about the promotion list and the manner in which it had been put together during the month immediately preceding the meeting, and perhaps even longer. In fact, the chairman of the commission, who had personally scheduled the meeting, stated that there was no particular reason why the meeting had been fixed for the evening of January 13th, rather than the 14th or 15th and that the "emergency" was merely the fact that the abolition of the promotion list was to occur or be discussed. Simply designating a meeting as a "special" or "emergency" session, as was done here, does not relieve the commission of its responsibility to comply with the Sunshine Law, unless the standards set forth in the act itself have been met. In this instance, they obviously were not.

Referring back to the notice and record keeping requirements under The First Class Township Code and the commission's own regulations, we find a total lack of compliance in the manner in which the January 13th meeting was convened and conducted. Even if there had been sufficient conformity with the Sunshine Law, and there was not, we would still be justified in holding that the action taken by the Bristol Township Civil Service Commission in derogation of its own express procedural rules and requirements and those imposed by the legislature in the enabling act under which the commission was established was improper.

Accordingly, we have no choice other than to declare the vote taken by the Bristol Township Civil Service Commission on the evening of January 13, 1977, invalid. It follows, therefore, that the sub-

sequent promotion under the still subsisting promotion list of Corporal Hughes to the rank of Sergeant must stand, and that plaintiff has not proven his right to the writ of mandamus which he seeks: Com. ex rel. Lindsley v. Robinson, 30 Pa. Commonwealth Ct. 96, 372 A. 2d 1258 (1977).

### ORDER

And now, January 10, 1978, plaintiff's complaint and prayer for a writ of mandamus are hereby dismissed and denied.