Edward Minshall, John T. Fisher, Chester C. Gnatt and David B. Werner, Appellants *v.* The Board of Supervisors of Ferguson Township, Centre County, Pennsylvania et al., Appellees.

Argued March 11, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Benjamin Novak, Novak, Donovan & Cunningham,* for appellants.

*Victor R. Delle Donne, Baskin and Sears,* with him *Ronald M. Lucas, Corneal & Lucas,* and *Robert B. Mitinger, Miller, Kistler & Campbell, Inc.,* for appellees.

OPINION BY JUDGE ROGERS, April 16, 1980:

This is an appeal of four residents of Ferguson Township from an order of the Court of Common Pleas of Centre County refusing the prayer of their complaint in equity for a preliminary injunction restraining the Township Board of Supervisors from acting on a rezoning request of the intervening appellee, Oxford Development Company.

Ferguson is a Township of the Second Class as defined in Section 201 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65201. Its electors have adopted a Home Rule Charter, pursuant to the Home Rule Charter and Optional

Plans Law, Act of April 13, 1972, P.L. 184, §101 et seq., *as amended,* 53 P.S. §1-101 et seq.

In October, 1978 Oxford filed a request with the Board of Supervisors for rezoning of land owned by intervening appellee Dreibelbis Family Partnership, which land Oxford had under option to purchase. Oxford's proposal would permit it to construct a shopping mall on this property. The appellants, opposed to Oxford's plans, proposed to the Board of Supervisors a rezoning which would totally prevent accomplishment of Oxford's proposal. To this end, the appellants in December, 1978 commenced initiative proceedings pursuant to the Section 9.03A of the Township's Home Rule Charter, which provides in pertinent part:

> All qualified electors of the Township shall have the power to propose ordinances to the Board in accordance with the provisions of this Charter and to adopt or reject the proposed ordinance at a municipal election if the Board fails to adopt said ordinance without change in substance.

The appellants asked the Board to provide them with forms of petitions for signing by the qualified electors so that the matter of the rezoning amendment might be placed on the ballots. In early January, 1979 the Board, on advice of counsel, informed the appellants that the forms would not be furnished because the Home Rule Charter initiative procedures were not an available means of making zoning changes by Section 302(a)(10) of the Home Rule Charter Act, 53 P.S. §1-302(a)(10), added by the Act of July 3, 1974, P.L. 421, §3, which provides in pertinent part:

> The home rule charter adopted in accordance with the provisions of this act shall not give any power or authority to the municipality contrary to, or in limitation or enlargement of powers granted by acts of the General Assembly

which are applicable to a class or classes of municipalities on the following subjects:

. . .

(10) Municipal planning under the provisions of the Act of July 31, 1968 (P.L. 805, No. 247), known as the Pennsylvania Municipalities Planning Code. (Footnote omitted.)

The appellants thereupon prepared a form of petitions and obtained 800 subscribers. These petitions were presented to the Board on January 23, 1979. On February 7, 1979, the Board having failed to take any action, the appellants requested a hearing under the Local Agency Law, 2 Pa. C.S. §551 et seq. This request was also ignored by the supervisors. Thereupon the appellants commenced their equity action seeking an order preliminarily enjoining the supervisors from acting on Oxford's rezoning request until the initiative petitioners' rights were adjudicated in Local Agency Law proceedings or in accordance with the procedures of the Home Rule Charter regarding initiative. The chancellor refused the preliminary injunction, holding that Section 302(a)(10) of the Home Rule Charter Act prohibited the use of the Home Rule Charter initiative procedures to effect zoning amendments. This appeal followed.[1]

---

[1] The Ferguson Township Home Rule Charter also provides for what is called a Group Petition by means of which qualified electors may address the Board of Supervisors on matters of interest. The Charter requires the Board to hold public hearings and take action on the prayers of Group Petitions within three months of their filing. The Charter does not, however, provide any form of redress for electors disappointed with the Board's action on their Group Petitions. A group of registered electors, other than the appellants here, filed a Group Petition asking the Board to rezone Oxford's land in the same fashion as the appellants proposed in their initiative proceedings. The chancellor consolidated that action with the one dealt with here, held that the Group Petition procedure did not offend Section 1-302(a)(10) of

Our review of the chancellor's refusal of a preliminary injunction is limited to a determination of whether there existed any apparently reasonable ground for his action. *Franklin Land Co. v. Borough of Fox Chapel,* 32 Pa. Commonwealth Ct. 478, 481, 379 A.2d 1356, 1358 (1977). Did the chancellor correctly hold that the township's Home Rule Charter initiative procedures were not an available means of amending its zoning ordinance? Clearly he did.

Section 302(a)(10) of the Home Rule Charter Act denies Home Rule municipalities power or authority "contrary to, or in limitation or enlargement of" municipal planning, which includes zoning, as provided by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, §101 et seq., *as amended,* 53 P.S. §10101 et seq. (MPC). The Township's Home Rule Charter applied to a zoning amendment is plainly contrary to the MPC in at least two respects. Section 9.03G of the Township's Home Rule Charter requires the Board to take action on an initiative petition within sixty days. Section 609 of the MPC, 53 P.S. §10609, however, places no limitation of time on the Board within which it must act upon a request for rezoning.

More significantly the Ferguson Township Home Rule Charter gives the electorate the power to adopt or reject an initiative proposing a zoning amendment if the Board fails to act upon the initiative within sixty days. Section 601 of the MPC, 53 P.S. §10601, however, vests the power to "enact, amend and repeal zoning ordinances" in "[t]he governing body of each municipality." Section 107(10) of the MPC, 53 P.S. §10107(10) defines the governing body of Townships of the Second Class as the board of supervisors. In

the Home Rule Charter Act, and enjoined the Board from taking action on Oxford's request for rezoning until it conducted a hearing on the Group Petition. The chancellor's action with respect to the Group Petition is not challenged in this appeal.

546

*Horsham Township Council v. Mintz,* 39 Pa. Commonwealth Ct. 408, 395 A.2d 677 (1978), we held that referendum procedures in a Home Rule Charter which empowered voters to repeal a zoning ordinance violated Section 1-302(a)(10) of the Home Rule Charter Act.

Section 107(10) of the M.P.C also provides that a municipality's governing body may be that body which is "designated in the law providing for the form of government." The appellants contend that somehow the Ferguson Township's Home Rule Charter designates the electorate as the governing body. However, the Township's Home Rule Charter explicitly provides otherwise in Section 2.01:

[t]he legislative branch of the government of Ferguson Township shall consist of an elective governing body which shall be known as the Township Board of Supervisors. The Board of Supervisors when lawfully convened, shall constitute a legislative, appropriating, policy—determining *and governing body* of the municipality. (Emphasis added.)

Order affirmed.

ORDER

AND Now, this 16th day of April, 1980, that portion of the order of the Court of Common Pleas of Centre County denying the appellant's prayer for a preliminary injunction is affirmed.