Bensalem Township School District, Appellant *v.* Gigliotti Corporation et al., Appellees.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*D. Donald Jamieson,* with him *Steven R. Williams, Mesirov, Gelman, Jaffe, Cramer and Jamieson,* for appellant.

*John P. Koopman,* with him *William J. Carlin, Begley, Carlin, Mandio & Popkin,* for appellees.

OPINION BY JUDGE MACPHAIL, June 2, 1980:

The sole issue raised on this appeal is whether the Court of Common Pleas erred in invalidating action taken by the Board of Directors (Board) of the School District of Bensalem Township (District) at a meeting of the Board which was open to the public but which had not been announced pursuant to the requirements of Section 5 of the popularly called Sunshine Law, Act of July 19, 1974 (Law), P.L. 486, *as amended,* 65 P.S. §265. For the reasons which follow, we hold that the Court did not err and we affirm its order.

The facts of this case are not in dispute and may be stated briefly. In December, 1975, the District filed suit in assumpsit in the Court of Common Pleas of Bucks County against Gigliotti Corporation and various other landlords with rental properties in Bensalem Township (Appellees). Through its suit, the District sought to collect taxes it claimed it was due pursuant to a resolution passed by the Board at its regular meeting held on October 9, 1974. The resolution required certain landlords within the District to

register with the District Treasurer and to collect from their tenants per capita and personal taxes levied by the District on all residents of the Township aged 18 years or older. The resolution also provided that landlords were to be held liable for the payment of taxes they were unable to collect. Appellees admittedly did not comply with the resolution.

Appellees raised several points by way of New Matter in their answer to the District's complaint. Following a nonjury trial, Judge Beckert determined that in holding the October 9 meeting the District had failed to comply with Section 5 of the Law, that the resolution passed at the meeting was, therefore, invalid, and, that it could not serve as a basis of recovery against Appellees. The District filed exceptions to Judge Beckert's order which were heard by the Court en banc. The Court dismissed the exceptions and the case is now before us for review.

Section 2 of the Law, 65 P.S. §262, provides that

The meetings or hearings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a public meeting.

There is no doubt that the school board meeting is the type of meeting to which the Law applies, nor that the Board's passing the resolution constituted "formal action." *See* Section 1 of the Law, 65 P.S. §261. Furthermore, there is no doubt that the October 9 meeting was open to the public and that there were some members of the public in attendance. The only question is whether the District's failure to comply with Section 5 of the Law prevents the October 9 meeting from being a public meeting and, therefore, causes the Board's enactment of the resolution to be invalid.

Subsections (a) and (b) of Section 5 state:

(a) Every agency shall hold all public meetings at specified times and places of which public notice shall be given.

(b) Public notice of the schedule of regular meetings shall be given once for each calendar or fiscal year, and shall show the regular dates and times for meetings and the place at which meetings are held. Public notice of each special meeting or hearing and of each rescheduled regular or special meeting or hearing shall be given of the date, time and place of each meeting as the case may be. Public notice shall be given (i) by publishing the notice once in a newspaper of general circulation, as defined by the act of May 16, 1929 (P.L. 1784, No. 587), known as the 'Newspaper Advertising Act,' which is published and circulated in the political subdivision where the meeting or hearing will be held, or such newspaper of general circulation which has a bona fide paid circulation equal to or greater than any newspaper published in the said political subdivision; (ii) and by posting a copy of the notice prominently at the principal office of the agency holding the meeting or at the public building in which the meeting is to be held.

It is undisputed that there was no official notice of the October 9 meeting published in any newspaper prior to the meeting, nor was a notice of the meeting posted in the District's principal office. A short news article about the meeting did appear in *Spirit Newspapers* on October 8, 1974, and again in the *Bucks County Courier Times* on October 9, 1974.

The Law does not define public notice. Section 5(d), 65 P.S. §265(d), does state that publication of notice in the county's legal periodical is not required.

Although it does not appear from the Law that notice must take any particular form or type, we hold that the requirement is not satisfied by publication of a general news article. Notice is defined in 45 Pa. C.S. §101 as "A formal printed announcement, transmitting intelligence, information, or warning, to a particular person, or generally to all persons who may read such notice." We believe that this definition, particularly the formality aspect, is applicable to public notice pursuant to the Sunshine Law, as well. Since there was no such notice given here, the meeting of October 9, 1974 was not held in compliance with the Law.

The remaining question is whether this lack of compliance, termed by the District as "technical" noncompliance, mandates that the resolution be invalidated. We hold that it does. The parties have directed our attention to numerous judicial decisions from other jurisdictions and to various scholarly articles dealing with Sunshine Laws and the question of whether noncompliance mandates invalidation. While we appreciate their diligent research efforts, we have found nothing determinative in the material they have cited. Cases such as these are frequently distinguishable on their facts and nearly always depend for resolution on the precise wording of the statute involved. Despite the fact that no appellate court in Pennsylvania has yet addressed the precise issue before us, we find enough authority within the Commonwealth to support our decision.

The District argues that since word of the meeting did appear in two newspapers, the meeting was open to the public, and members of the public did attend, it would be an unduly harsh result to invalidate the resolution. The District also argues that because Section 9 of the Law, 65 P.S. §269, authorizes the courts to enforce the Law through declaratory judgment, injunction, or "other remedy deemed appropriate,"

automatic invalidation of the resolution should give way to the application of equitable principles in fashioning relief. In some contexts, the District's argument may have merit. As Judge Rogers wrote in *Jeske v. Upper Yoder Township,* 44 Pa. Commonwealth Ct. 13, 17-18, 403 A.2d 1010, 1012 (1979), "[A] *harmless failure strictly to comply* with the public notice requirements of the Sunshine Act *will not always result in the invalidation* of action taken at an otherwise duly constituted public meeting." (Emphasis added.) In *Jeske,* the meeting was advertised as required; the notice was flawed, however, because the place of the meeting was omitted from the announcement. The Court found, though, that the meeting was held in the Township's regular meeting place and that there was not even an allegation of prejudice, much less a showing of prejudice by the complaining party. Likewise, in *O'Hara Township Board of Commissioners v. Hakim,* 19 Pa. Commonwealth Ct. 661, 339 A.2d 905 (1975), where due to a large crowd a meeting was moved from its originally announced location, we refused to invalidate the Commissioners' actions where the complaining party was represented at the meeting and he neither alleged nor showed prejudice because of the move.

None of those exceptional factors are present in this case. Here, the Board did not merely fail to comply with all of the requirements of Section 5; rather, it did not even attempt to comply with the Law's requirements. It is not enough to say that despite the lack of notice the meeting was open to the public and members of the public were in attendance. As our Supreme Court said in *Consumers Education and Protective Association v. Nolan,* 470 Pa. 372, 384 n. 4, 368 A.2d 675, 681 n. 4 (1977):

> [S]ection 5 makes it plain that adequate notice
> to the public at large is an integral part of the

> public-meeting concept; *a meeting cannot be deemed to be public merely because its doors are open to the public if the public is not properly informed of its time and place.* Because of the posture of this case, we must accept as true appellants' allegation that *notice of the meeting was not provided by newspaper publication or by a posted notice in the principal office of the committee, both of which were required for public meetings by section 5.* (Emphasis added.)

Also, as noted by the Court of Common Pleas of Bucks County in *Mills v. Bristol Township Board of Commissioners*, 4 Pa. D. & C. 3d 559, 562 (1978), the fact that a meeting is open to the public is "virtually meaningless" if no steps are taken to make the public aware of the meeting. Furthermore, unlike the parties in *Jeske v. Upper Yoder Township* and *O'Hara Township Board of Commissioners v. Hakim*, there is no evidence on the record that Appellees were actually present or represented at the October 9 meeting. Finally, we note that Appellees not only alleged prejudice resulting from the enactment of the resolution, but also presented evidence before the Court below to prove prejudice.

The Sunshine Law plays a vital role in opening the doors of government decision making to public view. The Law requires that formal action by agencies covered by the Law be taken at public meetings. It also requires that public notice of such public meetings be given prior to the meetings. The Law sets forth the manner in which public notice is to be given and it intends that it be given *in the manner specified. See Judge v. Pocius*, 28 Pa. Commonwealth Ct. 139, 145, 367 A.2d 788, 791 (1977); *see also* Attorney General Opinions No. 77-13 and No. 74-46. The District here did not commit a "technical" violation of Section 5 of

the Law. It did not comply with the Law at all. The Board's meeting of October 9, 1974 was conducted in violation of the Law. The resolution passed by the Board and at issue here is, accordingly, invalid.

The order of the Court of Common Pleas of Bucks County is affirmed.

ORDER

AND NOW, this 2nd day of June, 1980, the Order of the Court of Common Pleas of Bucks County at No. 75-12105-03-1 entered May 16, 1979, is affirmed.