## Crawford v. Sandy Township Supervisors

*Cynthia Soult*, for plaintiffs.
*Richard H. Milgrub*, for defendant.

REILLY, *P.J.*, March 7, 1984—Petitioners, the Auditors of Sandy Township, bring this action

against the Sandy Township Supervisors seeking to have the court invalidate the supervisors' actions in employing a Certified Public Accountant to perform the township audit for the 1983 fiscal year.

The facts appear to be as follows:

Sandy Township is a township of the second class. On November 14, 1983, at a scheduled meeting, the Township Supervisors were presented with a taxpayers' petition to have the 1983 township audit done by a Certified Public Accountant rather than the Township Auditors. The petition was brought under section 702 of the Second Class Township Code, Act 1933, May 1, P.L. 103, art. VII, §702, cl. XLV, as amended, 53 P.S. §65745. A motion to accept the petition was made by Craig Powers and seconded by Lorna Marsh, township supervisors. However, while the minutes of that meeting indicate that the motion was carried, in fact no vote was taken on the motion, and no other action was taken on the matter at that meeting. On November 22, 1983, the Township Supervisors petitioned this court to appoint a C.P.A. under the above-mentioned provision of the Second Class Township Code (hereinafter "code"), representing to the court that they had officially acted upon the taxpayers' petition. The court directed them to hire a C.P.A. of their choosing. The supervisors held a special meeting on November 28, 1983, and voted to advertise for a C.P.A. to perform the audit. An accounting firm was appointed, and this action followed.

It is not disputed that the supervisors have the authority to have an accountant appointed to perform the annual audit. Petitioners assert, however, that the supervisors' actions were in contradiction of the requirements of the code because they failed to take formal action through a motion and vote to accept the petition to have the 1983 audit done by a C.P.A.

and to petition the court to appoint a C.P.A. We agree.

Section 702 of the code provides, in part, "The corporate powers of townships of the second class shall be exercised by the township supervisors." 53 P.S. §65702. The code also provides that the "township supervisors shall meet for the transaction of business. . . ." and that "(e)xcept as otherwise provided in this act, an affirmative vote of a majority of the entire board of supervisors shall be necessary in order to transact any business." 53 P.S. §65512.

Further, since a township of the second class is a political subdivision of the Commonwealth, Holland Enterprises, Inc. v. Joka, et al., 64 Pa. Commw. 129, 439 A.2d 876 (1982), it comes within the purview of the Open Meeting Law, popularly known as the Sunshine Law, Act 1974, July 19, P.L. 486, No. 175, 65 P.S. §261 et seq. Section 2 of this law provides:

"The meetings or hearings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a public meeting." 65 P.S. §262.

"Agency" is defined in the statute as "any political subdivision of the Commonwealth . . ." and "formal action" refers to "the taking of any vote on any resolution, rule, order, motion, regulation or ordinance or the setting of any official policy." 65 P.S. §261. Interpreting this statute, the Commonwealth Court has held:

"(T)he Sunshine Law requires . . . that any agency, as that term is defined in the law, which votes or is scheduled to vote on any resolution, rule, order, motion, regulation or ordinance, or which acts or is scheduled to act in any formal was to adopt a gener-

al principle or a definite course of action as its official policy, must do so in a public meeting of which notice has been given in the manner specified." Judge et al. v. Pocius et al., 28 Pa. Commw. 139, 145, 367 A.2d 788 (1977).

Thus it is clear that the Sandy Township Supervisors, like any other municipal governing body, can take official action only as a body and only at official public meetings.

A final decision by township supervisors to employ a C.P.A. and to petition the court for the appointment of a C.P.A. under section 702 of the code is an exercise of a governmental function requiring formal action at a public meeting. The Sandy Township Supervisors clearly did not comply with the requirements of the code and the Sunshine Law with respect to their decision to petition the court to appoint a C.P.A. Therefore, their action in that regard was invalid.

It is of no consequence that the supervisors believed they had taken formal action on the taxpayers' petition to have a C.P.A. appointed to perform the audit. Their approval of the minutes of the November 14, 1983 meeting, which incorrectly indicated that they had accepted the petition by a motion and vote, did not ratify or validate their informal, invalid action because their approval of the minutes was obviously based on their mistaken belief that they had in fact taken formal action on the taxpayers' petition. Moreover, it is clear that no motion or vote was had at any public meeting with regard to an affirmative decision to petition the court for the appointment of an accountant.

The actions of the supervisors being invalid, the court enters the following

478

## DECREE

Now, this March 7, 1984, upon consideration of the petition of the Sandy Township Auditors in the above-captioned matter, and after hearing arguments thereon, it is hereby ordered and decreed that the action taken by the Sandy Township Supervisors in filing a petition with this court on November 22, 1983, to have a C.P.A. appointed to perform the township audit for fiscal year 1983 is null and void in that said action did not comply with the requirements of either the Second Class Township Code or the Open Meeting Law (Sunshine Law).