# Commonwealth *v.* Katz, Appellant.

*Appeals—Discretion of court—Liquor law—Nuisance—Injunction—Preliminary injunction—Continuance of injunction—Act of March 27, 1923, P. L. 34.*

1. On an appeal from a decree which refuses, grants or continues a preliminary injunction, the appellate court will look only to see if there were any apparently reasonable grounds for the action of the court below, and will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable.

2. Such rule is applicable to a decree continuing a preliminary injunction against the use of premises for the sale of intoxicating liquors, on bill in equity filed under sections 6 and 7 of the Act of March 27, 1923, P. L. 34.

Argued September 29, 1924. Appeal, No. 356, Jan. T., 1924, by defendant, from decree of C. P. Lackawanna Co., March T., 1924, No. 9, continuing preliminary injunction in case of Commonwealth, by Philip V. Mattes, Solicitor of City of Scranton, v. Morris L. Katz. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Preliminary injunction granted and continued. Defendant appealed.

*Error assigned* was, inter alia, decree continuing preliminary injunction.

*R. W. Archbald,* with him *Frank L. Martin,* for appellant.

*Philip V. Mattes,* City Solicitor, for appellee.

PER CURIAM, November 24, 1924:

Plaintiff, as city solicitor of Scranton, filed a bill in equity, under sections 6 and 7 of the Act of March 27, 1923, P. L. 34, against defendant, for the purpose of having the latter's premises declared a common nuisance and closed as such; whereupon a rule to show cause why a preliminary injunction should not issue was allowed and made absolute. Before the granting of the decree here complained of, defendant demurred to the bill, but the court, without passing upon the demurrer, found that a common nuisance, within the meaning of the act, was maintained by defendant. It ordered the nuisance abated; that all intoxicating liquors discovered on the premises should be forfeited to the Commonwealth; that no intoxicating liquors should thereafter be manufactured, sold, offered for sale, furnished or possessed thereon; and that the building should not be occupied or used for one year. Subsequently the court directed that the foregoing decree should continue in effect as a preliminary injunction pending final disposition of the case, thus superseding the one-year order. Defendant thereupon took this appeal.

We find nothing in the case which calls for a reversal of the decree assigned as error. Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable (Paxson's App., 106 Pa. 429, 436-7; Sunbury Boro. v. Sunbury & Susquehanna Ry. Co., 241 Pa. 357; see also Holden v. Llewellyn, 262 Pa. 400); here the discretion of the court was rightly exercised and we find no reversible error.

The decree is affirmed at cost of appellant.