# Lesher, Appellant, *v.* Thomas S. Gassner Co.

*Appeals—Preliminary injunction—Equity—Nuisance—Residential neighborhood.*

1. On an appeal from a decree which refuses, grants or continues a preliminary injunction, the appellate court will look only to see if there are any apparently reasonable grounds for the action of the court below, and will not further consider the merits of the case, or pass upon the reasons for or against such action, unless it is plain that no such ground existed or that the rules of law relied on are palpably wrong or clearly inapplicable.

2. Such rule is applicable where a preliminary injunction was refused on a bill to restrain the erection of an alleged objectionable building in a residential neighborhood, where the chancellor found that the neighborhood was not exclusively residential, that plaintiff's attitude was one of apprehension and her prayer for injunctive relief premature.

Argued November 23, 1925. Appeal, No. 410, Jan. T., 1925, by plaintiff, from decree of C. P. No. 3, Phila. Co., Sept. T. 1925, No. 2190, refusing preliminary injunction, in case of Elizabeth A. Lesher v. Thomas S. Gassner Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before DAVIS, J.
The opinion of the Supreme Court states the facts.
Preliminary injunction refused. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Henry A. Hoefler,* for appellant.

*Francis H. Bohlen, Jr.,* with him *Saul, Ewing, Remick & Saul,* for appellee.

PER CURIAM, January 4, 1926:
This is an appeal from the refusal to issue a preliminary injunction.

Plaintiff filed a bill in equity to restrain defendant company from erecting an addition to its sheet metal factory on a lot adjoining that upon which the former lives. The bill alleged that the neighborhood involved is exclusively residential in character; that the erection and operation of the proposed plant would cause such annoyance and discomfort to plaintiff as to interfere with the peace and enjoyment of her home; finally, that it would depreciate the value of her property.

Evidence was presented in regard to the character of the neighborhood and the nature of the business which defendant intended to conduct in the proposed addition. The chancellor refused to find that the neighborhood was exclusively residential; he held that plaintiff's attitude was one of apprehension and her prayer for injunctive relief premature; hence the court below denied the application.

As we recently said in Commonwealth v. Katz, 281 Pa. 287, 288, "Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action unless it is plain that no such ground existed or that the rules of law relied on are palpably wrong or clearly inapplicable." See Hoffman v. Howell, 242 Pa. 112, 114; Deal v. Erie Coal & Coke Co., 246 Pa. 552, 555; Holden v. Llewellyn, 262 Pa. 400, 402.

The present record discloses apparently reasonable grounds for refusing a preliminary injunction, and, in accordance with the above-stated rule, we will not enter on a consideration of the merits of the case at this time.

The decree is affirmed at the cost of appellant.