Lindenfelser, Appellant, *v.* Lindenfelser.

Argued April 20, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*David Freeman,* with him *Harry J. Liederbach,* for appellant.

*George P. Williams, Jr.,* with him *William M. Power* and *Orr, Williams & Baxter,* for appellee.

OPINION PER CURIAM, June 25, 1956:

The essential facts in this case are set forth in the opinion of this Court on a former appeal (*Lindenfelser v. Lindenfelser,* 383 Pa. 424, 119 A. 2d 87). Briefly stated they are that the parties are husband and wife and are separated. The plaintiff-husband filed a complaint in equity against the defendant alleging that the plaintiff and defendant owned real property as tenants

by the entireties; that since their separation the wife occupied one property, excluding the plaintiff therefrom; that she was collecting the rentals from the remaining properties and applying them to her own use exclusively; and that the defendant also retained for her sole use, personal property owned by both parties, excluding plaintiff therefrom. We held, inter alia, that the Married Women's Property Act does not bar an action in equity by one spouse against the other to protect as separate property his or her interest in property held by them as tenants by the entireties and from the possession of which the complaining spouse is wrongfully excluded. The record was remanded with instructions to the court below ". . . to hold a hearing on plaintiff's application for preliminary injunction, including the appointment of a receiver, and to determine all questions in accordance with this opinion. . . .": *Lindenfelser v. Lindenfelser,* supra, at p. 428.

Pursuant to this order, the court below held a hearing on the application for preliminary relief. At the conclusion of the hearing, both sides having presented evidence, the chancellor denied the requests for a preliminary injunction and the appointment of a receiver, *without prejudice to the ultimate merits,* and directed counsel to file requests for findings of fact and conclusions of law so that a final adjudication might be had. No requests for findings were filed, plaintiff electing to appeal immediately from the intermediate ruling denying his application for preliminary relief under the Act of June 12, 1879, P. L. 177, §1, 12 PS §1102.

Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against

such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable: *Commonwealth v. Katz*, 281 Pa. 287, 288, 126 A. 765; *Lesher v. Thomas S. Cassner Co.*, 285 Pa. 43, 44, 131 A. 657; *Murray v. Hill*, 359 Pa. 540, 541, 59 A. 2d 877; *Cohen et al. v. A. M. Byers Company et al.*, 363 Pa. 618, 619, 70 A. 2d 837.

The present record discloses apparently reasonable grounds for refusing a preliminary injunction, and in accordance with the above stated ruling, we will not enter on a consideration of the merits of the case at this time.

The order of the court below is affirmed, costs to await final determination of the proceedings.