## Summit Township, Appellant, *v.* Fennell.

Argued March 20, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

314

*Harry K. McNamee,* with him *Marshall, Marshall & McNamee,* for appellant.

*Clark H. Painter,* with him *Dale B. Painter,* and *Painter & Painter,* for appellee.

*Willis A. MacDonald,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 2, 1958:

This is an appeal from the refusal of the court below to grant a preliminary injunction on the facts averred in the plaintiff's complaint and injunction affidavits; no bond was posted, the plaintiff being a political subdivision.

The plaintiff sought by its bill to enjoin the individual defendant from disposing of garbage on property which he owned in the complaining township by the "land fill" method for which operation he held a license from the defendant Butler County Health Department.

As recently stated in *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 343-344, 123 A. 2d 626, "Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inappli-

cable: Commonwealth v. Katz, 281 Pa. 287, 288, 126 A. 765; Lesher v. Thomas S. Cassner Co., 285 Pa. 43, 44, 131 A. 657; Murray v. Hill, 359 Pa. 540, 541, 59 A. 2d 877; Cohen et al. v. A. M. Byers Company et al., 363 Pa. 618, 619, 70 A. 2d 837."

A mere glance at the record reveals ample grounds for the action of the court below. The chancellor was justifiably of the opinion that irreparable damage would not be done the plaintiff by continuing the land fill operation until final determination of the issues involved in the suit and that, balancing the equities, "less harm would befall the Township of Summit by putting under ground there the garbage than by permitting it to accumulate . . . at the back doors of the residents of Butler City, . . .".

Order affirmed at the appellant's costs.