Keystone Guild, Inc. *v.* Pappas, Appellant.

Argued January 12, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused May 2, 1960.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellants.

*Edward Greer,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 22, 1960:

These are appeals from the grant of a preliminary injunction by the Court of Common Pleas No. 4 of Philadelphia County enjoining the appellant M. George Pappas from engaging in the business of selling encyclopedias by means of house-to-house canvass within a 150 mile area surrounding and including the city of Pittsburgh and restraining the appellant World Scope Encyclopedia Corp., from employing Pappas' services for this purpose.

On August 30, 1957, Pappas entered into an agreement for the sale of his business—selling encyclopedias by means of house-to-house canvass—to Keystone Guild, Inc., the appellee. This agreement contained a restrictive covenant which provided that the seller, Pappas, agreed not to engage "directly or indirectly in any manner in house-to-house retail selling or canvassing" for a period of ten years. Prior to the aforementioned date, Pappas had been engaged in the business of selling encyclopedias by means of house-to-house canvass in the same area in which Keystone Guild, Inc. conducted a similar business.

On September 18, 1959, Keystone Guild, Inc. filed a bill in equity against the appellants in which it was alleged that the restrictive covenant had been breached by Pappas and that the said breach was induced by the corporate appellant. On the same day the court below granted a rule to show cause why a preliminary injunction should not issue. Appellants filed preliminary objections to the complaint on October 5, 1959. On Octo-

ber 9, 1959, the return day of the rule, a hearing was held on the motion for a preliminary injunction. The motion was granted and a decree entered. These appeals followed.

The scope of appellate review in this type of proceeding is well settled. "Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable." *Herman v. Dixon,* 393 Pa. 33, 141 A. 2d 576; *Williams v. Bridy,* 391 Pa. 1, 136 A. 2d 832; *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 123 A. 2d 626; *Cohen et al. v. Byers et al.,* 363 Pa. 618, 70 A. 2d 837; *Murray v. Hill,* 359 Pa. 540, 59 A. 2d 877.

As we stated in *Hicks v. American Natural Gas Co.,* 207 Pa. 570, 57 A. 55, "It is somewhat embarrassing to an appellate court to discuss the reasons for or against a preliminary decree, because generally in such an issue we are not in full possession of the case either as to the law or testimony—hence our almost invariable rule is to simply affirm the decree, or, if we reverse it, to give only a brief outline of our reasons, reserving further discussion until appeal, should there be one, from final judgment or decree in law or equity. We therefore content ourselves . . . with a statement of the rules which should govern courts in granting or withholding preliminary injunctions, and advert very briefly to the testimony."

A preliminary injunction should only be granted where injury is imminent and, if committed, irreparable and will not generally be awarded where the com-

plainant's right is not clear or where the wrong is not manifest. *Hicks v. American Natural Gas Co.,* supra; *Herman v. Dixon,* 393 Pa. 33, 141 A. 2d 526; *Hey v. Springfield Water Co.,* 207 Pa. 38, 56 A. 265.

Under the instant facts it can hardly be said that the appellee's right appeared clear at the preliminary hearing. A reading of the instant record shows that the preliminary injunction should have been refused because there is not the slightest evidence that a violation or breach of the restrictive covenant had occurred or that there was any threat of imminent irreparable injury. Although there was testimony that Pappas was employed as the Pennsylvania sales manager for the corporate appellant, there was no evidence that the said Pappas engaged directly or indirectly, in house-to-house canvassing or that the corporate appellant, his present employer, induced him to do so. At the hearing before the chancellor there was no evidence other than that Pappas had signed a restrictive covenant with the knowledge of the corporate appellant and was thereafter employed as its sales manager in a three-state area. Without more this does not constitute reasonable grounds for the issuance of a preliminary injunction.

In view of the conclusion reached it is not necessary to determine whether this particular covenant constituted an unreasonable restraint of trade. Furthermore, we do not decide whether, after a final hearing, the appellee would be entitled to injunctive relief.

Decree reversed and preliminary injunction dissolved.

Mr. Justice BELL dissents.