# Midland Borough *v.* Midland Police Department, et al.

Argued February 23, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Charles M. Marshall,* with him *Good and Marshall,* for appellant.

*Robert E. Kunselman,* with him *Reed, Sohn, Reed & Kunselman,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 5, 1972:

The Court of Common Pleas of Beaver County denied the Borough of Midland a preliminary injunction which sought to prevent an arbitration hearing involving the representatives of the Borough and its Police Department. Collective bargaining between the parties had begun on or about June 10, 1970, according to Act of June 24, 1968, P. L.      , No. 111, §§1-10, 43 P.S. §§217.1-217.10 (Act 111), in which they undertook to negotiate contract terms for the year 1971. On July 22, 1970, the Police rejected an offer made by the Borough and a request for arbitration followed under Act 111, §3, 43 P.S. §217.3.[1]

Subsequently, both parties appointed representatives to the panel and on September 21, 1970, a request was made of the American Arbitration Association to

_____

[1] This request was well within the 110-day time limit provided by the Act.

provide a list from which the third arbiter could be selected. A third arbiter was selected on October 21, 1970 and on October 31, 1970, he suggested a meeting date of December 8, 1970, which satisfied both parties.

On December 7, 1970, the Borough came to the Court of Common Pleas of Beaver County with the petition for the preliminary · injunction in question, asserting that the arbitration was not timely set in accordance with the provisions of Act 111.

The Court below denied the petition on the ground that the Borough had failed to establish irreparable injury. We hold that the order of the lower court must be affirmed.

The Borough argued that a preliminary injunction must be allowed because the three-member Board of Arbitration, by fixing the arbitration hearing on December 8, 1970, did not set a date which commenced within ten days after selection of the third arbiter as required by Act 111. This contention is not appropriate to a preliminary injunction. We are concerned here not with the merits of the underlying arbitration controversy, but rather whether the lower court abused its discretion in refusing to allow the preliminary injunction to issue. *See Berman v. Philadelphia,* 425 Pa. 13, 16, 228 A. 2d 189 (1967).

As stated by Mr. Justice ROBERTS in *Berman, supra,* at 17, "We recognize that on appeal from the refusal to grant a preliminary injunction, this Court will not interfere with the discretion of the hearing judge as long as there are any apparently reasonable grounds for its action. Rubin v. Bailey, 398 Pa. 271, 137 A. 2d 882 (1960). Furthermore, an injunction will only issue when the rights of the plaintiff are clear, there is an urgent necessity to avoid injury which cannot be compensated for by damages, and greater injury will be done by refusing it than by granting it. Schwab v.

Pottstown Borough, 407 Pa. 531, 533, 180 A. 2d 921, 922 (1962)."

As was stated in *Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa. 177, 207 A. 2d 768 (1965): "The scope of our review on an appeal from a decree either granting or denying a preliminary injunction is 'to examine the record only to determine "if there were any *apparently reasonable grounds* for the action of the court below. . . ." Lindenfelser v. Lindenfelser, 385 Pa. 342, 343-44, 123 A. 2d 626, 627 (1956) . . . Summit Township v. Fennell, 392 Pa. 313, 140 A. 2d 789 (1958).'" *Alabama Binder & Chemical Corp. v. Pennsylvania Industrial Chemical Corp.*, 410 Pa. 214, 215, 189 A. 2d 180, 181 (1963). And the essential prerequisites for the issuance of a preliminary injunction are: First, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than by granting it; and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct. *Alabama Binder & Chemical Corp. v. Pennsylvania Industrial Chemical Corp., supra.* Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will not generally be awarded: *Keystone Guild, Inc. v. Pappas*, 399 Pa. 46, 159 A. 2d 681 (1960), and *Herman v. Dixon*, 393 Pa. 33, 141 A. 2d 576 (1958). Here there is no urgency to avoid injury because the Borough is not subject to possible liability until the Police proceed in mandamus to compel adherence to the arbitration award. There is where the regularity of the arbitration procedure is to be tested.

Contrary to appellant's contention, the adverse result of the injunction proceedings does not deplete it of all avenues of review. The action in mandamus is the platform on which the Borough may challenge the validity of the question of the alleged failure to the procedural steps erected by the statute. We find no abuse of discretion in refusing to issue the preliminary injunction.

Order affirmed.