561 A.2d 851

**TOWNSHIP OF UPPER ST. CLAIR, a Home Rule Municipality of the Commonwealth of Pennsylvania, Appellant,**

**v.**

**N.R. PORTER AND ASSOCIATES, a limited partnership, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1989.

Decided July 12, 1989.

314

---

Mark J. Christman, Robert N. Hackett, Robert N. Hackett & Associates, Pittsburgh, for appellant.

D. Michael Fisher, Houston Harbaugh, Pittsburgh, for appellee.

Before BARRY, McGINLEY and SMITH, JJ.

## OPINION

BARRY, Judge.

The Township of Upper St. Clair appeals a decree of the Court of Common Pleas of Allegheny County which denied its motion for a preliminary injunction. The Township was attempting to enjoin N.R. Porter & Associates, the landowner, from allegedly violating the Township's zoning ordinance.

In 1981, the Township passed an ordinance approving the building of a small mall which is the subject of this litigation. One of the conditions imposed at that time was that the landowner build roofs to visually screen the air conditioning units, the trash bins and storage areas. No such screening was ever done. Furthermore, in 1981, the landowner constructed a walk-in cooler for one of its restaurant tenants. Because the construction changed the outer boundary of the building, a building permit and zoning approval was needed; the landowner obtained neither.

On April 28, 1987, the Township's zoning officer sent the landowner a notice of the above mentioned violations. When the landowner still did nothing, the Township filed the present complaint in equity on October 21, 1987 seeking a preliminary injunction. The landowner filed an answer and new matter to which the Township had not responded when the matter was heard by the trial court. The trial court denied the injunctive relief because of the representation of the landowner's attorney, (1) that the trash bins would be screened and (2) that a building permit for the walk-in cooler would be sought. The court further held that no injunction should issue because of the failure to screen the air conditioning units since the Township had failed to prove a serious threat to the health, safety and welfare of the community. This appeal followed.

Our scope of review where the chancellor denies a preliminary injunction is very narrow. "[W]e will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied upon are palpably wrong or clearly inapplicable...." *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 343–44, 123 A.2d 626, 627 (1956). In spite of this narrow scope of review, we believe that the trial court's order in this case must be vacated and the matter remanded for further proceedings.

■ We have held that a municipality need only prove a violation of its zoning ordinance to establish its entitlement to an injunction; irreparable harm need not be demonstrated. *Gateway Motels, Inc. v. Monroeville,* 106 Pa.Commonwealth Ct. 42, 525 A.2d 478 (1987). In its opinion, the trial court stated, "Defendant [landowner] does not contest that it is obligated to screen the trash bins in the rear of the mall and has agreed to comply with this requirement.... Moreover, prior to the hearing of July 11, 1988, Defendant was willing to agree to obtain a building permit and zoning approval for the walk-in cooler which Plaintiff [Township] seeks in the injunction...." (Opinion of 10/14/88, p. 3) (citations omitted). We know of no case which holds that a promise to comply with a zoning ordinance at sometime in the future can form the basis to deny a preliminary injunction to obtain such compliance. Further, we refuse to so hold in this case.

■ In our view, the trial court could have handled this case in one of two ways. It could have withheld a decision on the request for the injunction for some period to allow the landowner to comply as promised. It also could have granted the injunction until the performance of the promised compliance. The alternative chosen by the trial court, however, is unacceptable. A remand is therefore required.

Before concluding, we must make one observation. In this case, no testimony was presented. Rather, each of the attorneys made statements concerning how the witnesses would testify were those witnesses actually called to the stand. No formal stipulation was entered. Should factual disputes exist that require determinations of the fact finder, an actual hearing should be held where the witnesses can present their testimony and be subjected to cross examination. Then, and only then, may the necessary factual determinations be made.

Vacated and remanded.

## ORDER

NOW, July 12, 1989, the decree of the Court of Common Pleas of Allegheny County dated July 11, 1988, at No. GD 87–18486, is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.