Laura HOFFMAN, Appellant

v.

**STEEL VALLEY SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2014.

Decided Jan. 12, 2015.

Jordan L. Strassburger, Pittsburgh, for appellant.

John W. Smart, Pittsburgh, for appellee.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and PATRICIA A. McCULLOUGH, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

Laura Hoffman (Plaintiff) appeals from the April 9, 2014 order of the Court of Common Pleas of Allegheny County (trial court) denying her motion for a preliminary injunction. The request for preliminary injunctive relief was filed in connection with a complaint in equity filed by Plaintiff on February 20, 2014, seeking declaratory judgment that reimbursement of public transportation fare does not satisfy the requirements of the Charter School Law (CSL)[1] and requesting that Steel Valley School District (School District) be ordered to temporarily resume providing private transportation services for her children pending a full hearing on the merits.[2]

**Facts and Procedural History**

The facts are undisputed. Plaintiff and her two children, B.H., age 7, and C.S., age 8, reside in the Steel Valley School District. In the spring of the 2012–13 school year, Plaintiff enrolled B.H. in the Young Scholars Charter School of Western Pennsylvania (Young Scholars), a charter school located within 10 miles of the boundary of the School District.[3] Initially, Plaintiff transported B.H. to Young Scholars; for the last 20 days of the school year the School District provided van transport for B.H. to the Charter School under a contract with A–1 transit, at a cost of $130 per day, for a total of $2,600.00. (Trial court op. at 1.)

Plaintiff enrolled both children in Young Scholars for the 2013–14 school year, with the belief that the School District would continue providing the same method of transportation. However, faced with budget constraints, the School District informed Plaintiff that it would no longer pay for the private van and offered instead to reimburse Plaintiff the cost of public transportation for the children or to purchase public bus passes for them. Plaintiff rejected the School District's proposal, believing that it was unsafe and inappropriate for young children to take public transportation.[4] (Trial court op. at 2.)

Plaintiff resumed driving her children to and from Young Scholars. Subsequently, the School District offered to reimburse Plaintiff for her mileage at the standard IRS rate, approximately $11.19 per day, and Plaintiff accepted the School District's reimbursement for the months of September, October, and November of 2013 and was anticipating payment for additional

1. Act of March 10, 1949, P.L. 30, added by the Act of June 19, 1997, P.L. 225, *as amended*, 24 P.S. §§ 17–1701–A to 17–1732–A.

2. Plaintiff appealed to Superior Court, which, by order dated April 30, 2014, granted the School District's motion to transfer the matter to Commonwealth Court.

3. There are other charter schools in the School District, but Plaintiff felt that Young Scholars was the best fit for her children. (Notes of Testimony at 17.)

4. Plaintiff testified that, in order to get to Young Scholars, her children would have to take a Port Authority bus to Steel Plaza (in downtown Pittsburgh), from there take a trolley, and then walk a mile uphill. Estimating that the one-mile walk to the school would take 42 minutes, Plaintiff asserts that the trip would take an hour and a half. (Trial court op. at 2 & n. 2.)

months when she initiated this action. (Trial court op. at 2.)

Plaintiff recently obtained employment and no longer wishes to drive her children to and from Young Scholars. The School District is willing to either pay the cost of public transportation for the children or reimburse Plaintiff for the mileage she incurs in transporting them. Plaintiff wants the School District to provide private transportation for her children via a van or bus. (Trial court op. at 2–3.) The School District does not provide busing or van service for any of its regular students attending schools within the district, but it provides a shuttle service for kindergarten students back and forth between its primary center and its elementary schools. (Trial court op. at 3 n. 4.)

On February 20, 2014, Plaintiff filed a complaint in equity against the School District, seeking: a preliminary and permanent injunction requiring the School District to resume providing private transportation for her children; a declaratory judgment that reimbursement of public transportation fare is not in accordance with section 1726–A of the CSL; and any other relief that may be proper. Following the pleadings stage, Plaintiff filed a Motion for Preliminary Injunction, requesting that the School District be ordered to temporarily resume providing private transportation services for her children pending a full hearing on the merits.

The trial court held a hearing on the motion and denied Plaintiff's request for a preliminary injunction by order dated April 9, 2014. The trial court concluded that, while section 1726–A of the CSL requires a school district to provide students who satisfy certain criteria with free transportation to the charter school, section 1362 of the Public School Code of 1949 (School Code)[5] is applicable to charter school transportation and expressly states that the free transportation requirement may be satisfied by the use of public transportation. Therefore, the trial court concluded that Plaintiff's right to relief was not clear and denied her request for a preliminary injunction.

### Discussion

On appeal to this Court, Plaintiff argues that the trial court abused its discretion in denying Plaintiff's motion for a preliminary injunction on the basis that Plaintiff failed to establish a clear right to relief.

We review a trial court's order either granting or denying a preliminary injunction under an abuse of discretion standard. *Reed v. Harrisburg City Council*, 927 A.2d 698, 702 (Pa.Cmwlth.2007). We do not inquire into the merits of the controversy; rather, we examine the record only to determine whether there are any apparently reasonable grounds for the trial court's action. *Summit Township v. Fennell*, 392 Pa. 313, 140 A.2d 789 (1958); *Reed*.

"An injunction that commands the performance of an affirmative act, a 'mandatory injunction,' is the rarest form of injunctive relief and is often described as an extreme remedy." *Wyland v. West Shore School District*, 52 A.3d 572, 582 (Pa.Cmwlth.2012). A petitioner seeking mandatory injunctive relief must show that: (1) an injunction is necessary to prevent irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it; (3) an injunction will restore the status quo between the parties; and (4) the petitioner's right to relief is clear, and success on the

---

**5.** Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1362.

merits is likely. *Id.* "For a preliminary injunction to issue, *every one* of these prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others." *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 573 Pa. 637, 828 A.2d 995, 1001 (2003). *Id.* (emphasis in original) (quoting *County of Allegheny v. Commonwealth*, 518 Pa. 556, 544 A.2d 1305, 1307 (1988)).

Initially, with respect to the third prong of the test, restoration of the status quo between the parties, we note that Plaintiff transported her children to and from Young Scholars for the first three months of the 2013–14 school year and accepted the School District's offer to reimburse her mileage expenses. Thus, it appears that the relief she seeks, transportation by school bus or private van, would not restore the status quo.

The trial court focused on the fourth criteria, whether Plaintiff established a clear right to relief. The trial court observed that section 1362 of the School Code contemplates a school district's use of public transportation to fulfill its statutory obligations; therefore, the trial court concluded that Plaintiff did not establish a clear right to relief under section 1726–A of the CSL.

Section 1726–A of the CSL states as follows:

(a) Students who attend a charter school located in their school district of residence, a regional charter school of which the school district is a part or a charter school located outside district boundaries at a distance not exceeding ten (10) miles by the nearest public highway *shall be provided free transportation to the charter school by their school district* of residence on such dates and periods that the charter school is in regular session whether or not transportation is provided on such dates and periods to students attending schools of the district. *Transportation is not required for elementary students, including kindergarten students, residing within one and one-half (1.5) miles or for secondary students residing within two (2) miles of the nearest public highway from the charter school in which the students are enrolled unless the road or traffic conditions are such that walking constitutes a hazard to the safety of the students when so certified by the Department of Transportation,* except that if the school district provides transportation to the public schools of the school district for elementary students, including kindergarten students, residing within one and one-half (1.5) miles or for secondary students residing within two (2) miles of the nearest public highway under nonhazardous conditions, transportation shall also be provided to charter schools under the same conditions. Districts providing transportation to a charter school outside the district and, for the 2007–2008 school year and each school year thereafter, districts providing transportation to a charter school within the district shall be eligible for payments under section 2509.3 for each public school student transported.

24 P.S. § 17–1726–A (emphasis added). There is no dispute that the School District must provide Plaintiff's children "free transportation" to and from Young Scholars under this provision. However, this section does not identify what methods of free transportation the School District may utilize.

The School District asserts that this issue is addressed in section 1362 of the School Code, which provides that

*[t]he free transportation of pupils, as required or authorized by this act, or any other act, may be furnished by us-*

*ing either school conveyances, private conveyances, or electric railways, or other common carriers,* when the total distance which any pupil must travel by the public highway to or from school, in addition to such transportation, does not exceed one and one-half (1 1/2) miles, and when stations or other proper shelters are provided for the use of such pupils where needed, and when the highway, road, or traffic conditions are not such that walking constitutes a hazard to the safety of the child, as so certified by the Department of Transportation. The Department of Transportation shall take into account the presence of sidewalks along the highway, but such presence or lack thereof shall not be controlling and the department shall consider all relevant safety factors in making its determination as to whether or not walking constitutes a hazard to pupils. All private motor vehicles employed in transporting pupils for hire shall be adequately covered by public liability insurance in such amount as the board of school directors shall require.

24 P.S. § 13–1362 (emphasis added). According to the District, its mileage reimbursement to Plaintiff and an alternative option of free public transportation satisfies its obligation under section 1362 to provide Plaintiff's children free transportation.

In considering Plaintiff's request for injunctive relief, the trial court noted that, under the rules of statutory construction, the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute must be construed, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). Statutes or parts of statutes that are *in pari materia* shall be construed together, if possible, as one statute; statutes are *in pari materia* when they related to the same persons or things or to the same class of persons or things. 1 Pa.C.S. § 1932(a), (b).

The trial court next noted that sections 1362 and 1726–A both relate to free transportation of pupils residing within a school district and should be construed together. Citing the language in section 1362 of the School Code, "free transportation, as required or authorized by this act or any other act ...," the trial court concluded that section 1362 of the School Code is applicable to section 1726–A. The trial court then reasoned that,

> because section 1362 is applicable to charter school transportation, the School District has the discretion to provide free transportation by utilizing any of the four methods listed therein, as long as the total distance which any pupil must travel by public highway to or from school, in addition to such transportation method, does not exceed one and one half (1 ½) miles; there are ... shelters for the use of such pupils where needed; and there is not a safety hazard to the pupil, as so certified by the Department of Transportation. Because Plaintiff did not allege that any of the three qualifiers are applicable to her children's travel, the School District's proposition of reimbursing Plaintiff for public transportation of providing Plaintiff's children a transit pass is in line with the statutory mandate permitting it to utilize a common carrier.

(Trial court op. at 7.)

Accordingly, the trial court concluded that Plaintiff's right to relief is not clear. The trial court noted that *it did not decide* whether the School District's agreement with Plaintiff to reimburse her for her mileage is an acceptable method of free transportation under the statutory mandate. The trial court stated "it is possible" that this method may qualify as a "private

conveyance" as described in the statute, but it did not need to rule on this issue in order to reach its conclusion that Plaintiff's right to relief is not clear.

On appeal, Plaintiff does not argue that the trial court's analysis in this regard reflects an abuse of discretion. In fact, Plaintiff makes no reference to section 1362 of the School Code. Instead, Plaintiff relies on our decision in *Watts v. Manheim Township School District*, 84 A.3d 378 (Pa. Cmwlth.2014), *appeal granted,* —— Pa. ——, 99 A.3d 532 (2014), which addressed whether, under section 1361 of the School Code, 24 P.S. § 13–1361, a resident pupil is entitled to transportation services to and from more than one location within the same school district.

In *Watts,* the mother and father shared custody of their child. Both parents resided in the school district, but on different bus routes. The school district acknowledged that a child can have more than one residence for purposes of the School Code, *Wyland,* but argued that it did not have a duty to provide transportation services to more than one residence in the district, in this case, the mother's residence. The student's father filed a complaint against the school district seeking a writ of mandamus, a declaratory order, and injunctive relief. After conducting a hearing, the

trial court granted the father a permanent injunction requiring the school district to resume bussing service to and from the father's residence.

On appeal in *Watts,* we observed, among other things, that the school district's position required reading section 1361 of the School Code without reference to any other section of the School Code, and, in particular, without regard to sections 1362 and 1366 [6] of the School Code, contrary to the rules of statutory construction. We held that the child was a "resident pupil" of the school district and that the school district had a continuing duty to provide the child transportation services accommodating both parents' residences. Our decision in *Watts* noted that under section 1361 of the School Code, a school district "may" elect to provide free transportation to any resident pupil to and from the school in which he is lawfully enrolled. We then explained that "[o]nce a school board elects to provide pupil transportation, the school board is responsible for all aspects of pupil transportation, including establishing routes, schedules and loading zones; adopting policies; and, establishing criteria and procedures governing transportation services. 22 Pa.Code § 23.4." [7] *Watts,* 84 A.3d at 384.

---

**6.** Section 1366 of the School Code sets forth the method to measure the distance between "the residence of any pupil and any public school to be attended by him." 24 P.S. § 13–1366.

**7.** The regulation at 22 Pa.Code § 23.4 (Responsibilities of the district Board of school directors) states as follows:

The board of directors of a school district is responsible for all aspects of pupil transportation programs, including the following:

(1) The selection of means of transportation in conformance with the law and regulations.

(2) The selection and approval of appropriate vehicles for use in district service and eligible operators who qualify under the law and regulations.

(3) The establishment of routes, schedules and loading zones which comply with laws and regulations, together with a provision of planned instruction for school bus drivers serving in the district.

(4) The adoption of policies and establishment of criteria and procedures governing:

(i) The eligibility of resident pupils for free transportation services.

(ii) The discipline related to transportation for both public and nonpublic school pupils.

Notably, the issues addressed in *Watts* did not involve the question of whether reimbursement for the costs of transportation satisfies a school district's responsibilities under section 1726–A of the CSL. In other words, because the student in *Watts* attended a district middle school, the school district provided transportation to and from the residence of one of the student's custodial parents, and the issue was whether the district was required to provide transportation to and from both parents' homes, *Watts* did not involve the obligations of a school district to provide resident students free transportation to a charter school. Consequently, the court in *Watts* also did not discuss whether the options available to a school district under section 1362 of the School Code (school conveyances, private conveyances, electric railways, or other common carriers) are likewise permissible under section 1726–A of the CSL.

Nevertheless, Plaintiff relies solely on this case, emphasizes the phrase "all aspects," and argues that, pursuant to *Watts* and 22 Pa.Code § 23.4, reimbursement of her mileage clearly does not satisfy the School District's statutory mandate; according to Plaintiff, the language in *Watts* clearly requires the School District *to provide all aspects of transportation* for her children, including establishing routes, schedules and loading zones; adopting policies; and establishing criteria and procedures governing transportation services. More specifically, Plaintiff maintains that,

pursuant to *Watts*, 22 Pa.Code § 23.4, compels the School District to *provide transportation services*, not reimbursement for such services, for its students.

■ However, as the trial court correctly explained, a decision as to whether the mileage reimbursement satisfies the School District's statutory obligation is not necessary to determining whether Plaintiff has established a clear right to the relief she seeks, an order directing the School District to provide her children private transportation to Young Scholars by means of a bus or van. We emphasize that in our review of the trial court's order denying Plaintiff's request for a preliminary injunction, we do not decide the merits of the case or otherwise address whether the District's reimbursement of Plaintiff's transportation expenses complies with section 1726–A of the CSL. Indeed, the issue considered in Plaintiff's request for a preliminary injunction, whether the School District has a duty to resume providing private transportation services for Plaintiff's children, is an issue that is separate and distinct from the pending question involved in her request for declaratory relief, whether reimbursement of transportation costs satisfies section 1726–A of the CSL. Thus, now, we only inquire whether there are "any apparently reasonable grounds" for the trial court's action. *Summit Township; Reed.*

■ Having repeatedly stressed that statutory provisions *in pari materia* must

---

(iii) Field trips, including the number of chaperons and whether the chaperons may be accompanied on field trips by their minor children.

(5) The furnishing of rosters of pupils to be transported on each school bus run and trip.

(6) The maintenance of a record of pupils transported to and from school, including determination of pupils' distances from home to pertinent school bus loading zones.

(7) The negotiation and execution of contracts or agreements with contractors, drivers of district's vehicles and common carriers and submission of pertinent documents to the Department for approval of operation.

(8) Assuring that vehicles used in transporting pupils have adequate public liability insurance coverage.

22 Pa.Code § 23.4.

be read together, 1 Pa.C.S. § 1932; *Watts*, we conclude that the trial court properly considered section 1362 of the School Code in interpreting section 1726–A of the CSL. Section 1726–A of the CSL requires a school district to provide free transportation to students attending charter schools, and section 1362 of the School Code generally addresses the free transportation of pupils. As both of the statutory provisions address the subject of student transportation, they are *in pari materia* and are to be construed accordingly. Plaintiff's request for injunctive relief seeks an order compelling the School District to provide her children private bus or van transport to Young Scholars. However, because interpreting the two statutory provisions together does not compel a conclusion that the School District must provide private transportation for Plaintiff's children to Young Scholars by means of a bus or van,

we conclude that Plaintiff failed to establish a clear right to relief. Consequently, the trial court had reasonable grounds for denying Plaintiff's request for preliminary injunctive relief. *Summit Towne Centre, Inc.*

Accordingly, we affirm the trial court's order.

## ORDER

AND NOW, this 12th day of January, 2015, the order of the Court of Common Pleas of Allegheny County, dated April 10, 2014, is affirmed.